DEAN v. ARROWHEAD STEEL PRODUCTS COMPANY, INC.

1. WORKMEN'S COMPENSATION—DEFINITION OF PERSONAL INJURY.

The term *personal injury*, as used in the workmen's compensation act, is defined as "a disease or disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment" (CL 1948, § 417.1).

2. SAME—PERSONAL INJURY—OCCUPATIONAL DISEASE.

An occupational disease or disability is to be treated as a happening of a personal injury, so far as the workmen's compensation act is concerned (CL 1948, §§ 417.1, 417.2).

3. SAME—DISABILITY—DEATH—PROXIMATE CAUSE.

An employee, or his dependents are entitled to workmen's compensation if his disability or death is due to the nature of the employment in which he was engaged when the disability or death was contracted (CLS 1961, § 417.3).

4. SAME—SILICOSIS.

Recovery of workmen's compensation for silicosis requires a showing that the employee was exposed to conditions at the defendant's place of business conducive to the malady or an aggravation of it.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 194.
[2] 58 Am Jur, Workmen's Compensation § 244.
[3] 58 Am Jur, Workmen's Compensation § 198.
[4, 5] 58 Am Jur, Workmen's Compensation § 252.
[6] 58 Am Jur, Workmen's Compensation §§ 483, 530.
[7] 58 Am Jur, Workmen's Compensation § 532.
[8] 58 Am Jur, Workmen's Compensation § 342.
[9] 58 Am Jur, Workmen's Compensation § 166.
[10, 11, 13, 15] 58 Am Jur, Workmen's Compensation § 577.
[12] 58 Am Jur, Workmen's Compensation § 33.
[14] 58 Am Jur, Workmen's Compensation § 27.

5. SAME—SILICOSIS—DEATH—PROXIMATE CAUSE—EVIDENCE.

Evidence presented in proceeding to recover workmen's compensation by widow of employee who died from silicosis *held*, to sustain finding of fact of the workmen's compensation appeal board that the death was due to causes and conditions characteristic of and peculiar to the foundry industry and that his last exposure to such conditions occurred while in defendant's employ in its aluminum castings foundry (CL 1948, §§ 417.2, 417.9; CLS 1961, § 417.3).

6. SAME—FINDINGS OF FACT BY WORKMEN'S COMPENSATION APPEAL BOARD.

Findings of fact, made by the workmen's compensation appeal board acting within its powers, are, in the absence of fraud, conclusive on a court upon review of such findings (CL 1948, § 413.12).

7. SAME—QUESTIONS REVIEWABLE BY COURT—EVIDENCE.

The review by an appellate court of a determination of the workmen's compensation appeal board is limited to questions of law only and does not permit determination as to whether administrative findings of fact offend rules governing clear weight and preponderance of evidence if there be any evidence to sustain the findings made (CL 1948, § 413.12).

8. SAME—OCCUPATIONAL DISEASE—APPORTIONMENT OF AWARD—RETROACTIVE EFFECT OF AMENDMENT.

Amendment of workmen's compensation act whereby a last employer of employee who had worked for prior employers in an employment to the nature of which the occupational disease was due and in which it was contracted might obtain apportionment of any award against the last employer *held*, not retroactive (CL 1948, § 417.9, as amended by PA 1962, No 189).

9. SAME—WIDOW—DETERMINATION OF DEPENDENCY.

A widow is deemed wholly dependent for her support upon her deceased husband and her dependency under the workmen's compensation act is a matter to be determined as of the date of injury to him irrespective of any subsequent change in conditions (CL 1948, §§ 412.6, 412.7).

10. SAME—DEATH OF CLAIMANT—PERSONAL REPRESENTATIVE.

Amendment of the workmen's compensation act providing that proceeding to recover compensation should not abate if claimant died from a cause unrelated to the injury, but permitted that it continue in the name of claimant's personal representa-

tive and providing that benefits should be payable up to the time of death *held,* remedial in nature and applicable to widow's claim for death benefits accruing until her death 5 years after her husband had died, notwithstanding that at time of her death, matter of liability had not been finally determined by workmen's compensation appeal board (CL 1948, § 412.12, as amended by PA 1965, No 230).

11. SAME—REMEDIAL NATURE OF ACT.

An employee-claimant and his beneficiaries upon his death are equally entitled to relief under the workmen's compensation act, since it is a remedial act for the benefit of injured employees and their dependents rather than the employers (CL 1948, § 411.1 *et seq.,* as amended).

12. SAME—REMEDIAL AMENDMENT—RETROACTIVE EFFECT.

An amendment of the workmen's compensation act for correcting an injustice that is remedial in nature is to be given retroactive effect.

13. SAME—DEATH—REMEDY.

Workmen's compensation is in no respects a damage remedy, and the right thereto does not die with the injured person.

14. SAME—CONSTRUCTION OF STATUTES.

The workmen's compensation act is to be construed liberally to provide indemnity for accidents peculiarly incidental to employment.

15. SAME—DEATH OF CLAIMANT—SUBSTITUTION OF PERSONAL REPRESENTATIVE.

Substitution of personal representative of deceased widow of deceased employee who had died of silicosis is ordered with recovery of workmen's compensation limited to that which had accrued prior to her death, dependency being determined as of the date of injury and her right to benefits fixed as of the date of his death, irrespective of any subsequent changes, in view of amendatory statute which became effective after widow's death, providing that if claimant died from causes unrelated to the injury the proceeding should not abate but be continued by substituting the personal representative of the deceased (CL 1948, § 412.7; § 412.12, as amended by PA 1965, No 230).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 October 6, 1966, at Detroit. (Docket No. 1,523.) Decided January 24,

1967. Leave to appeal granted by Supreme Court March 29, 1967. See 379 Mich 757. Appeal dismissed per stipulation February 23, 1968.

L. V. L. Dean submitted her claim for workmen's compensation benefits as the dependent of Howard Dean, deceased, against Arrowhead Steel Products Company, Inc., a Minnesota corporation, and Employers' Mutual Liability Insurance Company, a Wisconsin corporation, its insurance carrier, with Howell Casting Company and Great American Insurance Company named as alternate last employer. Defendant Arrowhead moved to add Wilson Foundry Division of Willys Motor Corp. and several other prior employers of decedent as defendants for apportionment purposes. Referee's award against Arrowhead and Employers' Mutual of benefits. Alternate and prior employers dismissed. Defendants Arrowhead and Employers' Mutual appealed to Workmen's Compensation Appeal Board. Ruth Hubbard, administratrix of L. V. L. Dean substituted as claimant and award affirmed, limited to payments for the lifetime of L. V. L. Dean. Defendants appeal. Affirmed.

*Ross & Bruff* and *Julius M. Grossbart,* for plaintiff.

*Alexander, Buchanan & Conklin,* for defendants Arrowhead and Employers' Mutual Liability Insurance Company.

HOLBROOK, J. This is an appeal from an order of the workmen's compensation appeal board. The defendant-employer and its insurance carrier appeal from the order in question dated November 8, 1965, affirming the award of compensation by the hearing referee to plaintiff-dependent and permitting her administratrix to be substituted for her.

The order limited weekly compensation to be paid to May 30, 1965, date of death of plaintiff-dependent, and denied apportionment of liability with prior employers.

Defendants-appellants raise the following questions for review: (1) Whether the plaintiff's decedent sustained a personal injury and death due to causes and conditions of his employment at Arrowhead Steel Products Company, Inc.? (2) Whether the liability for compensation may be apportioned among prior employers? (3) When the widow of the deceased employee dies prior to the entry of a final order, and when there is no provision in the workmen's compensation law for any administrator or personal representative to prosecute the matter before the workmen's compensation department, does such death of the widow abate the proceedings before the workmen's compensation appeal board?

The pertinent facts appear to be as follows: Howard E. Dean, the employee, had been employed in several foundries from 1914 until his illness in January of 1960, culminating in his death in June of 1960. He left surviving him his wife, and two adult children. The cause of his death was respiratory failure due to chronic emphysema and anthracofibrosis of the lungs, more specifically silicosis. At the time of his death, Howard Dean was 66 years old. He had been employed by Arrowhead Steel, his last employer, from October 1955 until January 12, 1960. Application for hearing was filed by L. V. L. Dean, widow. Upon motion of defendant several other prior employers of the deceased were joined as parties defendant. After hearing the matter, the referee on May 17, 1962, found that Howard E. Dean did receive a personal injury while in the employment of the defendant

Arrowhead Steel and from such injury, death resulted. He ordered the defendant and its insurer to pay $33 per week to L. V. L. Dean, widow, and also certain medical and funeral bills. The hearing referee denied apportionment and dismissed all prior employers and their insurers. The defendants appealed to the workmen's compensation appeal board. Mrs. Dean died May 30, 1965. On June 16, 1965, suggestion of her death was filed and on July 26, 1965, motion was made to substitute her administratrix as plaintiff. The board ordered such substitution August 9, 1965. On November 8, 1965, the workmen's compensation appeal board affirmed the order of the hearing referee but limited payment of weekly benefits to the date of Mrs. Dean's death.

The plaintiff testified that her husband's health was "quite well" before he went to work at Arrowhead Steel. Thereafter she felt that his health became gradually worse. She testified that he came home from his employment at Arrowhead Steel covered with dust, exhausted, and wet with perspiration. She said she had to wash his hat about once a month. The first time Mr. Dean lost work time at Arrowhead Steel was in 1957, when he went to the University Hospital at Ann Arbor for what Mrs. Dean described as "oxygen." He was again in the hospital in 1958 for two weeks and remained home for an additional month. He returned to the hospital in May of 1960 and was there until his death on June 2, 1960.

The first issue raised by appellants questions the sufficiency of the evidence to justify a finding of fact that Mr. Dean sustained a personal injury and death due to causes and conditions of his employment at Arrowhead Steel Products Company, Inc.

We believe it is well to review the pertinent provisions of the workmen's compensation act that have

a bearing upon this aspect of the case. The term personal injury is defined in this act as follows:

"a disease or disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment." CL 1948, § 417.1 (Stat Ann 1960 Rev § 17.220).

The following section[1] provides that disablement of an employee from an occupational disease or disability shall be treated as a happening of a personal injury. The next section[2] provides that if an employee's disability or death is caused by such disease due to the nature of the employment in which such employee was engaged and was contracted therein, he or his dependents *shall* be entitled to compensation.

The final section,[3] at the time the award was made, provided in part as follows: "The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted."

Appellants assert that plaintiff's decedent must show some exposure at defendant's foundry which caused the personal injury or at least caused an aggravation of the same in order to justify the order for compensation. With this claim we agree.

That Mr. Dean was exposed to conditions conducive to silicosis at most of the places of his employment from 1914 to January 12, 1960, is undisputed. Mr. Dean was working in defendant's foundry making aluminum castings. Permanent steel molds, coated with a graphite substance made by a secret process were used. These molds were

---

[1] CL 1948, § 417.2 (Stat Ann 1960 Rev § 17.221).
[2] CLS 1961, § 417.3 (Stat Ann 1960 Rev § 17.222).
[3] CL 1948, § 417.9 (Stat Ann 1960 Rev § 17.228).

cleaned twice daily with an electric wire brush which removed the die coating. There was testimony to the effect that in this process, sand or silicon was not used in the molds. An expert testified for defendants that there was dust present in the foundry and that less than 15% was free silica. The plant inspection upon which the expert based his testimony was made about a year after Mr. Dean's death. We have no testimony showing the exact content of free silica in the air at the foundry during the 5 years that Mr. Dean worked there. We do have the testimony of Mrs. Dean that her husband came home from Arrowhead Steel "covered with dust." Defendants' medical witness, Dr. Hendrix, testified that aluminum oxide fumes from the molding process would not be harmful. This was based on the assumption that defendant was using pure aluminum. However, he further testified that if they were using an aluminum alloy, the same might be harmful. Assuming the facts enumerated in a hypothetical question as being true, Dr. Hendrix testified that in his opinion Mr. Dean's disease was probably related to his earlier period of employment.

Subsequently, Dr. Hendrix also testified as follows:

"*Q.* Doctor, if I told you that his latest period of employment had silica, was detected in the air at his place of employment, your answer, of course, then would be different, wouldn't it?

"*A.* Yes, not much, but it would be different.

"*Q.* What do you mean, 'not much'?

"*A.* Well, I testified that his lung disease was due to exposure to silica. I don't know where or when he got it. * * *

"*Q.* If you were to assume that this man was subjected to some exposure of free silica in the air during his last employment subsequent to 1954,

would you feel that would be related to the condition which you found?

"*A.* Yes, it would.

"*Q.* It could be as well as the exposure prior to that date, could it not?

"*A.* Yes."

During Mr. Dean's employment with defendant, he was exposed to fumes from an aluminum alloy, aluminum oxide, graphite, and free silica and other dust.

Dr. Woodworth, plaintiff's medical witness, testified:

"Well, in addition to this there are other irritants and dusts present in a foundry besides silicon, though that is usually always present to some degree, which are liable to invoke an inflammatory or allergic response in a person who has previously existing respiratory disease."

Dr. Woodworth cared for Mr. Dean for 5 years prior to his death. The doctor advised him on several occasions to get away from the foundry work. Dr. Woodworth attributed the disease and death of the decedent employee to conditions of foundry employment.

The workmen's compensation appeal board in its opinion stated in part as follows:

"A dispute arose over which of these two employers last employed deceased at the work, the nature of which allegedly caused death. Arrowhead Steel Products was the last employer but they claim their foundry was so clean that deceased could not have been exposed to any conditions which could have contributed to death. * * *

"Plaintiff presented the testimony of Dr. Edwin S. Woodworth who had treated deceased from 1954 until his death. This doctor was engaged in the general practice of medicine. At the hearing he laid no claim to fame as an expert in the field of

respiratory diseases by having authored articles upon the subject of dust diseases. His testimony is typical of the general practitioner and is subject to interpretation, but in essence, does support plaintiff's claim that the death of her husband was attributable to the condition of foundry employment for many years' duration.   *   *   *

"It is evident that he was, while employed by defendant, exposed to carbon and silica both of which were found in his lungs after death. The autopsy showed an emphysematous condition of the lungs resulting from the particles of carbon and silica. The medical evidence shows that this respiratory condition caused death.

"We hold that the death of Howard Dean was due to causes and conditions characteristic of and peculiar to the foundry industry. His last exposure to such conditions occurred while he was employed by Arrowhead Steel Products."

The workmen's compensation act provides that findings of fact made by the workmen's compensation appeal board acting within its powers, shall, in the absence of fraud, be conclusive.[4]

In *Coates v. Continental Motors Corporation* (1964), 373 Mich 461, Mr. Justice Souris quoting Mr. Justice Black stated on p 467 in part as follows:

" 'Our jurisdiction, invoked upon issuance and return of certiorari to the workmen's compensation department, is markedly limited. The writ brings us questions of law only. It does not permit scale-weight of evidence and inference here, as on appeals from circuit court judgments, to determine whether administrative findings of fact offend rules governing clear weight and preponderance. Our obligation is to accept, without question, findings that are certified here if there be any evidence whatever to

---

4 CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186).

sustain those findings, regardless of thought or suggestion addressed to improbability thereof.' "

Adhering to the provisions of the act and applying the rule stated so clearly in the *Coates Case, supra,* to the facts in this case, we are compelled to hold that there was evidence in the record sufficient to sustain the findings of fact of the workmen's compensation appeal board.

The second issue raised by appellants is the claim that the apportionment amendment[5] to the workmen's compensation act should be applied retroactively. This same question arose in the case of *Briggs* v. *Campbell, Wyant & Cannon Foundry Company* (1966), 2 Mich App 204. Therein, one of the claimants, Mr. Harrington, was found by the hearing referee to have suffered an occupational injury of silicosis or a related disease on March 2, 1960, and an award for compensation was ordered prior to the effective date[6] of the apportionment amendment. The facts in our case are the same with the injury occurring in January 1960 and the referee's award ordered May 17, 1962. Because at the time of the hearing before the referee the apportionment provision in the act was unconstitutional because it failed to provide for legal notice to be given prior employers affording them an opportunity to resist the claim at the original hearing, where, subject to the right of appeal, validity of the claim is conclusively determined, we held that apportionment could not be ordered. *Trellsite Foundry & Stamping Company* v. *Enterprise Foundry* (1961), 365 Mich 209. We further held in *Briggs, supra,* that the apportionment amendment, CL 1948, § 417.9, as amended by PA 1962, No 189 (Stat Ann 1963 Cum

---

[5] PA 1962, No 189.
[6] March 28, 1963.

Supp § 17.228), was to be applied prospectively for reasons therein stated.

The last issue raised by appellants is the claim that the death of the dependent of the deceased employee before a decision of the workmen's compensation appeal board abates the proceedings.

In determining this last issue, we deem it appropriate to review the pertinent provisions of the workmen's compensation act applicable and set them forth as follows:

"An employee, who receives a personal injury arising out of and in the course of his employment by an employer who is at the time of such injury subject to the provisions of this act, shall be paid compensation in the manner and to the extent hereinafter provided, *or in case of his death resulting from such injuries such compensation shall be paid to his dependents as hereinafter defined.* The term 'time of injury' or 'date of injury' as used in this act shall in the case of a disease or in the case of an injury not attributable to a single event be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death." CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151). (Emphasis supplied.)

"If death results from the injury, *the employer shall pay, or cause to be paid, subject, however, to the provisions of section 12 hereof, in one of the methods hereinafter provided, to the dependents of the employee, wholly dependent upon his earnings for support at the time of the injury, a weekly payment equal to 66–2/3% of his average weekly wages for a period of 450 weeks from the date of the death,* the weekly payment not to exceed, however, $33.00 for 1 dependent." CLS 1961, § 412.5 (Stat Ann 1960 Rev § 17.155). (Emphasis supplied.)

"The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

"Wife.   (a) A wife upon a husband with whom she lives at the time of his death, or from whom, at the time of his death the department of labor and industry shall find the wife was living apart for justifiable cause or because he had deserted her." CL 1948, § 412.6 (Stat Ann 1960 Rev § 17.156).

"Questions as to who constitute dependents and the extent of their dependency shall be determined as of the date of the injury to the employee, *and their right to any death benefit shall become fixed as of such time, irrespective of any subsequent change in conditions;* and the death benefit shall be directly recoverable by and payable to the dependent or dependents entitled thereto, or their legal guardians or trustees.   In case of the death of 1 such dependent, his proportion of such compensation shall be payable to the surviving dependents pro rata.   Upon the death of all such dependents *compensation* shall cease."   CL 1948, § 412.7 (Stat Ann 1960 Rev § 17.157).   (Emphasis supplied.)

*"Compensation shall be paid promptly and directly to the person entitled thereto* and shall become payable on the fourteenth day after the employer has notice or knowledge of the disability or death, on which date all compensation then accrued shall be paid.   Thereafter compensation shall be paid in weekly installments."   CL 1948, § 413.5 (Stat Ann 1960 Rev § 17.178).   (Emphasis supplied.)

"Upon the filing with the compensation commission, by any party in interest, of any application in writing stating the general nature of any claim as to which any dispute or controversy may have arisen, the commission shall set the case for hearing and shall designate 1 of its members or deputy

members to hear the case." CL 1948, § 413.7 (Stat Ann 1960 Rev § 17.181).

"The member or deputy member of the commission assigned to any hearing in accordance with the provisions of section 7 shall make such inquiries and investigations as it shall deem necessary. The hearings of the member or deputy member of the commission shall be held at the locality where the injury occurred, and the decision of the member or deputy member of the commission shall be filed with the compensation commission. Unless a claim for a review is filed by either party within 10 days, the decision shall stand as the decision of the compensation commission: Provided, That said commission may, for sufficient cause shown, grant further time in which to claim such review." CL 1948, § 413.8 (Stat Ann 1960 Rev § 17.182).

"If a claim for review is filed, as provided in part 3, section 8, the compensation commission *shall promptly review the decision,* together with such records as may have been kept of its hearing, and shall also, if desired, hear the parties, together with such additional evidence as the compensation commission in its discretion may allow them to submit, and file its decision therein with the records of such proceedings." CL 1948, § 413.11 (Stat Ann 1960 Rev § 17.185). (Emphasis supplied.)

Reviewing the provisions of the act as above quoted and applying them to the facts of our case, we find: Mr. Dean suffered an injury (occupational disease) in January 1960 which caused his death June 2, 1960, entitling his dependents to benefits— "such compensation shall be paid" by the employer. Mrs. Dean as widow was deemed to be wholly dependent for support upon her deceased husband. Mrs. Dean's dependency was determined as of the date of the injury to her husband and in the language of the act her "death benefit shall become

fixed as of such time irrespective of any subsequent change in conditions and the death benefit shall be directly recoverable by and payable" to her. Upon her death in May 1965, compensation shall cease. Mrs. Dean's compensation was required to be paid promptly and directly every week. However, because there was a dispute as to liability, her application for compensation of July 1, 1960, was delayed to provide a hearing on the merits. This was accomplished in due time and the hearing referee more than 22 months later, May 17, 1962, awarded her compensation. However, the employer being not satisfied with the result appealed to the workmen's compensation appeal board May 24, 1962. The review of this decision was required to be *promptly* accomplished. More than 3 years later, May 30, 1965, no decision had been made and Mrs. Dean died *without receiving any compensation* although it was mandatorily required by the act. This is said advisedly for Mrs. Dean's husband had worked for many years in several foundries and it was undisputed that he died of silicosis contracted at his work. The only issues advanced by defendant before the hearing referee were (1) the causal connection of plaintiff's decedent's disease at defendant's foundry and (2) apportionment with the prior employers. At least these were the only issues until the inevitable happened—after more than 5 years of litigation before the workmen's compensation commission without a decision, Mrs. Dean died. The administratrix of Mrs. Dean, her personal representative, requested of the workmen's compensation appeal board the right to be substituted so that the matter might finally be determined as to whether the hearing referee's award to Mrs. Dean in 1962 was correct. With the death of Mrs. Dean we no longer have 2 issues, for defendants have added a third. The workmen's compensation appeal

board granted the petition for substitution and thereafter promptly affirmed the award of compensation by the hearing referee but limited compensation to be paid to the date of Mrs. Dean's death.

According to the certification of record received from the workmen's compensation appeal board the decision of the hearing referee was mailed May 18, 1962, and the claim for review by defendant Arrowhead and Employers' Mutual was filed May 25, 1962. Notwithstanding that the parties have the right to present additional testimony before the workmen's compensation appeal board and the matter was to be heard *de novo,* defendants were content to leave the matter dormant until after the suggestion of Mrs. Dean's death was filed June 16, 1965.

Defendants and appellants now state that Mrs. Dean's death abated the proceedings and in support of their position refer the court to the cases of *Schlickenmayer* v. *City of Highland Park* (1931), 253 Mich 265; *Munson* v. *Christie* (1935), 270 Mich 94; and *Stone* v. *Smith* (1936), 275 Mich 344.

A reading of these cases will verify that at the time they were decided, our Supreme Court ruled that the workmen's compensation act contained no provision for the personal representative of a deceased employee, as distinguished from dependent, prosecuting a proceeding before the department of labor and industry.

Fortunately we now have a provision in the workmen's compensation act for a personal representative of a deceased claimant continuing the proceeding before the workmen's compensation commission. It is CL 1948, § 412.12, as amended by PA 1965, No 230 (Stat Ann 1965 Cum Supp § 17.162) and is as follows:

"Sec. 12.   The death of the injured employee prior to the expiration of the period within which

he would receive such weekly payments shall be deemed to end such disability, and all liability for the remainder of such payments which he would have received in case he had lived shall be terminated, but the employer shall thereupon be liable for the following death benefits in lieu of any further disability indemnity.

"If the injury so received by such employee was the proximate cause of his death, and such deceased employee leaves dependents, as hereinbefore specified, wholly or partially dependent on him for support, the death benefit shall be a sum sufficient, when added to the indemnity which shall at the time of death have been paid or become payable under the provisions of this act to such deceased employee, to make the total compensation for the injury and death exclusive of medical, surgical and hospital services and medicines furnished as provided in section 4, equal to the full amount which such dependents would have been entitled to receive under the provisions of section 5, in case the injury had resulted in immediate death, and such benefits shall be payable in the same manner as they would be payable under the provisions of section 5 had the injury resulted in immediate death.

"If a claim for benefits has been filed but has not been decided by a referee or on appeal, and the claimant dies from a cause unrelated to his injury, the proceedings shall not abate but may be continued in the name of his personal representative. In such case, the benefits payable up to time of death shall be paid to the same beneficiaries and in the same amounts as would have been payable if the employee had suffered a compensable injury resulting in death."

This amendment was ordered to take immediate effect and was approved July 16, 1965, prior to the date that the workmen's compensation appeal board ordered the substitution of the administratrix of Mrs. Dean, as plaintiff. Can we seriously

consider that an administrator may be substituted for a deceased claimant but not for a claimant's beneficiary? According to the act the employee-claimant and his beneficiaries upon his death are equally entitled to relief under this act. In *Munson* v. *Christie, supra,* citing *City of Grand Rapids* v. *Crocker* (1922), 219 Mich 178, it is stated in part as follows (p 97):

"insofar as it provides for remedial action, it concerns only two classes of persons—employers and employees, the latter term being used in its broader sense *as including dependents.*" (Emphasis supplied.)

In 24 MLP, Workmen's Compensation § 2, p 229, it is stated as follows:

"The primary purpose of the workmen's compensation act is to provide compensation for disability or death resulting from occupational injuries or diseases or accidental injury to or death of employees. The statute is a remedial one enacted primarily for the benefit of the man who works in the pursuits subject to its provisions; it is for the benefit of injured employees and not injured employers."

The amendatory act, PA 1965, No 230, is procedural and deprives defendant of no substantive right. In any event, defendants will be only required to pay that which the act at all times provided they should have paid, but for the delay occasioned in part by defendants claiming a review from the award made by the hearing referee. If defendants are correct in their claims stated on review from the hearing referee they cannot be harmed. However, if they are wrong can they be heard to say the act protects employers who are able to outlive their employees or their dependents during litigation? In the background although not

strictly relevant, the question arises as to who paid the expenses of living for Mrs. Dean for the more than 5 years that she survived her husband before her own untimely death? Was she required to borrow money? Was she able to borrow it upon the strength of the workmen's compensation act? Did she incur debts? Were the butcher, baker, and the candlestick maker paid? Did they and her doctor and possibly the hospital wait expectantly and hopefully for her to receive her just compensation? The probable answers to these questions are obvious.

Our Supreme Court has said that an amendment to the workmen's compensation act for correcting an injustice is remedial in nature and is to be given retroactive effect. *Lahti* v. *Fosterling* (1959), 357 Mich 578; *Rookledge* v. *Garwood* (1954), 340 Mich 444.

If a recent ruling of the Supreme Court is to be given effective life in the instant case, the present proceedings must not abate because of Mrs. Dean's death. In *Miller* v. *Bath Elevator Co.* (1959), 357 Mich 9, Mr. Justice TALBOT SMITH stated on pp 17 and 18 as follows:

"Under the common law of earlier times it was often cheaper to kill a man than merely to maim him. 'In a civil court,' said Lord Ellenborough in *Baker* v. *Bolton,* 1 Camp 493 (170 Eng Rep 1033), 'the death of a human being could not be complained of as an injury.'

"It was inevitable that a doctrine so monstrous, its origins so obscure and puzzling, should receive legislative amelioration and such has been the case. Even with relation to workmen's compensation, which is in no respects a damage remedy, *it is provided by statute that compensation for an industrial injury shall not be interred with the body.* Yet, despite the express mandate of an enlightened public conscience, clearly stated in the compensation

act itself, we are besought to read this provision out of the act by a process of judicial interpretation. We are invited to engraft this grotesque stalk of the common law, long discredited and unlamented, upon one of the great remedial acts of our times, thus infusing the ancient obscenity with new life and vigor. This we cannot do. The people have said otherwise.

"They have provided in section 1 of part 2 of the workmen's compensation act[7] that compensation payable an injured employee shall 'in case of his death * * * be paid to his dependents.' To my way of thinking this settles the matter." (Footnote omitted.) (Emphasis supplied.)

Our Supreme Court has ruled that the workmen's compensation act is to be construed liberally to provide indemnity for accidents peculiarly incidental to employment. *Lauder* v. *Paul M. Wiener Foundry* (1955), 343 Mich 159.

To construe CL 1948, § 412.7 (Stat Ann 1960 Rev § 17.157) liberally or literally requires Mrs. Dean's right to benefits be regarded as fixed as of the date of her husband's death, *irrespective of any subsequent changes in conditions*. The only way to give effect to the expressed legislative intent of the workmen's compensation act in the case before us is to allow the substitution of the personal representative for Mrs. Dean to continue the matter to conclusion. We so rule.

Affirmed. Costs to appellee.

LESINSKI, C. J., and J. H. GILLIS, J., concurred.

---

[7] PA 1912 (1st Ex Sess), Act 10.