MACKENZIE v FISHER BODY DIVISION, GENERAL MOTORS
CORPORATION

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—APPEAL AND ERROR—FINDING OF
FACT.

Findings of fact of the Workmen's Compensation Appeals Board,
in the absence of fraud, are conclusive where there is evidence
to support them; where there was conflicting expert testimony
by several psychiatrists as to the cause of plaintiff's disability,
defendant's psychiatrist testified that plaintiff's disorder was
caused by a personality disorder dating back to his youth, and
the board found as a matter of fact that the disability was not
caused by his work environment, the Court of Appeals is bound
by such findings.

DISSENT BY BRONSON, P. J.

2. WORKMEN'S COMPENSATION—PSYCHONEUROTIC DISORDERS—PERCEP-
TION.

*A plaintiff's perception of his work environment is indispensable
in a workmen's compensation case to an attempt to establish a
causal relationship between his employment and a psychoneu-
rotic disorder, and workmen's compensation benefits should not
be denied on the basis of a distinction between the plaintiff's
subjective perception of the stresses and strains created by the
working environment and an objective determination of
whether such stresses or strains exist; the Workmen's Compen-
sation Appeal Board applies a fallacious legal standard where
it fails to consider plaintiff's perception of his work environ-
ment and its determination should be reviewed.*

3. WORKMEN'S COMPENSATION—PSYCHONEUROTIC DISORDER—PERCEP-
TION.

*The Workmen's Compensation Appeal Board applied a fallacious*

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation, §§ 529, 530.
[2, 3] 58 Workmen's Compensation, § 255.

*legal standard, in determining the cause of plaintiff's nontrau-
matic psychoneurotic disorder where it failed to consider the
plaintiff's subjective perception of his work environment, since
the question is not whether, by an objective standard, the job
created pressures or difficulties for any employee, but rather
whether the job created an impossible situation for the plain-
tiff.*

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 2 April 11, 1973, at
Detroit. (Docket No. 14695.) Decided June 28, 1973.
Leave to appeal granted, 390 Mich —.

Harold K. MacKenzie presented his claim for
workmen's compensation against the Fisher Body
Division of General Motors Corporation. Compen-
sation denied. Plaintiff appeals. Affirmed.

*Levine & Benjamin, P. C.,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock* (by *Edward
K. Pedersen, Jr.,* and *Leonard E. Nagi),* for defend-
ant.

Before: BRONSON, P. J., and R. B. BURNS and
VAN VALKENBURG,* JJ.

R. B. BURNS, J. This is an appeal from the
Workmen's Compensation Appeal Board.

Plaintiff was employed in the defendant's inspec-
tion and salvage department. He was responsible
for tagging and returning defective production
parts to suppliers. His job did not require him to
make decisions whether parts were defective or
not; he merely tagged those parts found to be
defective by an inspector and packaged them for
return to the supplier.

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Two or three years before his retirement the plaintiff began to experience nervousness, anxiety, and fatigue in his work. At the hearing before the referee he referred to unspecific pressures by his supervisors, but was unable to relate any specific instances of pressure. Nor was he able to cite any specific instances to the two psychiatrists who examined him on behalf of respective counsel. The only specifics testified to by the plaintiff was the fact that his assistant was lazy, incompetent, and shunned responsibility, the responsibility then falling on plaintiff, and the fact that production workers on later shifts often used rejected parts already tagged and collected by him. Plaintiff's sensibilities were offended by what plaintiff considered to be the poor quality product manufactured by his company, production increases, and incompetent and indifferent new help hired by the company.

Plaintiff complained of a long history of irritability, loss of appetite, and inability to sleep. These symptoms persisted even three years after his retirement.

Psychiatrists called by both parties generally agreed that plaintiff had psychoneurotic problems and that he was disabled from working in an industrial environment. The experts were unable to agree as to the cause of plaintiff's condition, that is, whether the nervous condition was causally related to his employment. Both psychiatrists agreed that the plaintiff's condition was one of long standing.

Plaintiff's psychiatrist testified that the plaintiff was disabled and that his work was the cause of his disability.

Defendant's psychiatrist testified that plaintiff's neurotic state was internal and not related to his job.

The appeals board reversed the hearing referee's award, and stated:

"This is indeed a different case than *Carter*. In that matter, plaintiff was injured by an external force—his work environment. In this case, plaintiff MacKenzie was disabled by something from within—that internal cause of his disability being a personality disorder dating back to his youth. We know of no case law that would permit compensation for plaintiff's *perception* of a work environment as injurious, when in fact that perception does not square with fact and the environment is shown not to be injurious."

In the *Carter Case (Carter v General Motors Corp,* 361 Mich 577; 106 NW2d 105 [1960]) the only expert who testified was a psychiatrist for the plaintiff. He testified that the plaintiff's disability was caused by emotional pressures produced by production line employment.

In the present case there was conflicting testimony before the board. The board chose to accept the testimony of the defendant's psychiatrist that the plaintiff's disability was caused by a personality disorder dating back to his youth. The board found as a matter of fact that the disability was not caused by his work environment.

Findings of fact of the appeals board are, in the absence of fraud, conclusive, where there is evidence to support them. *Dean v Arrowhead Steel Products Co, Inc,* 5 Mich App 691; 147 NW2d 751 (1967). This Court is bound by such findings.

Affirmed. Costs to defendant.

VAN VALKENBURG, J., concurred.

BRONSON, P. J. *(dissenting).* The majority opinion perpetuates the artificial distinction drawn by the Workmen's Compensation Appeal Board. Believing

that this opinion establishes dangerous precedent,
I am compelled to dissent.

While the majority opinion correctly cites its
duty to affirm the appeal board's findings of fact,
in the absence of fraud, this approach obscures the
critical problem raised by the instant appeal. Since
both parties agree that plaintiff was disabled, the
controversy becomes focused upon the issue of
whether plaintiff's psychoneurotic condition was
caused by the stresses and strains to which he was
exposed during his employment or plaintiff's own
internal mental deterioration as enhanced by the
aging process. Although both plaintiff and defend-
ant offered expert witnesses to answer this ques-
tion of whether plaintiff's mental disabilities were
"work related", the hearing referee found plain-
tiff's evidence more convincing.

Upon review by the appeal board, the referee's
findings were reversed upon the following lan-
guage which the majority cites with approval:

"This is indeed a different case than *Carter.* In that
matter, plaintiff was injured by an external force—his
work environment. In this case, plaintiff MacKenzie
was disabled by something from within—that internal
cause of his disability being a personality disorder
dating back to his youth. We know of no case law that
would permit compensation for plaintiff's *perception* of
a work environment as injurious, when in fact that
perception does not square with fact and the environ-
ment is shown not to be injurious."

The significance of this language is that it at-
tempts to distinguish the legal principle control-
ling mental disabilities established in *Carter v
General Motors Corporation,* 361 Mich 577; 106
NW2d 105 (1960), upon the basis that the actual
injurious nature of the work environment rather
than plaintiff's perception of its injurious nature is

controlling. Based upon the cited language the
majority sanctions the distinction drawn by the
appeal board between the plaintiff's subjective
perception of the stresses and strains created by
the working environment and an objective deter-
mination of whether such stresses or strains exist.

It is inconceivable that the inquiry should be
shifted by such analytical slight of hand from the
disabled employee's ability to withstand the al-
leged injurious working conditions to an abstract
evaluation of the injurious nature of the work
environment. Plaintiff's perception of his work
environment is indispensable to an attempt to
establish a causal relationship between his em-
ployment and disability. The Court in *Carter* rec-
ognized this interrelationship by quoting the phy-
sician's testimony describing Carter's distorted
view of his job in detail. The inquiry in *Carter* was
not whether the job created pressures or difficul-
ties for any other employee, but whether they
created an impossible situation for Carter given
his pre-existing mental condition or infirmity. The
employee's ability to cope with his job is indispens-
able to the issue of causation and should not be
lost in analytical diversions.

The artificial and unnecessary distinction drawn
by the board and perpetuated by the majority
results in a distortion of guiding precedent and
circumvention of the underlying purposes of the
Workmen's Compensation Act. I disavow this mis-
application of controlling legal principles under
the guise of the board's shielded factual determi-
nation. Since the board has applied a fallacious
legal standard by failing to consider plaintiff's
perception of his work environment, I would re-
verse and remand the cause to the board for
reconsideration. *Zaremba v Chrysler Corp*, 377
Mich 226; 139 NW2d 745 (1966).