MILTON v OAKLAND COUNTY BOARD OF AUDITORS

1. WORKMEN'S COMPENSATION—APPEAL BOARD—QUESTION OF FACT.
    Findings of fact of the Workmen's Compensation Appeal Board which are supported by the evidence are conclusive and binding.

2. WORKMEN'S COMPENSATION—DISABILITIES—COMPENSABLE DISABILITIES—EMOTIONAL DISTURBANCES.
    An employee's inability to work which was caused not by his working conditions but by his own emotional difficulties preceding his employment with the defendant and his failure to attain self-imposed goals is not a work-related disability.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 February 11, 1974, at Detroit. (Docket No. 17975.) Decided July 24, 1974. Leave to appeal applied for.

Claim by Rodney H. Milton against the Oakland County Board of Auditors and Allstate Insurance Company for workmen's compensation. Compensation denied. Plaintiff appeals by leave granted. Affirmed.

*Levine & Benjamin, P. C.,* for plaintiff.

*Franklin, Petrulis & Lichty,* for defendants.

Before: BASHARA, P. J., and DANHOF and R. L. SMITH,* JJ.

R. L. SMITH, J. This is an appeal from the Work-

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation §§ 530, 532.
[2] 58 Am Jur, Workmen's Compensation §§ 198, 209 *et seq.*

    * Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

men's Compensation Appeal Board. The board denied compensation and we affirm.

In 1967, plaintiff went to work for defendant as a landscape foreman at a salary of $8,200. In 1968 he was promoted to landscape supervisor and his salary raised to $9,000. In 1969, plaintiff was given supervision of the grounds division of the Parks & Recreation Division at a salary of $10,500.

Having proven himself to be a diligent employee and highly skilled in his profession as a horticulturist, plaintiff discussed with Joseph Joachim, director of facilities and operation for Oakland County, his desire for a promotion to a superintendency. Joachim took this matter up with the Board of Auditors and was able to obtain a raise for plaintiff to a salary of $13,500, but without a change in status from supervisor to superintendent. This matter was again pursued by Joachim on behalf of the plaintiff in 1971 and he finally obtained the promotion to superintendent, with a salary of $15,000.

When advised of this promotion and salary plaintiff confronted Joachim on February 17, 1971, with the ultimatum that his salary should be $19,000 or nothing. When he was told that this was impossible the plaintiff left his work, started psychiatric treatment, was hospitalized, and ultimately his employment was terminated by the defendant.

It is conceded that the plaintiff is totally disabled from working at the present time. His condition is described as paranoid schizophrenia, pseudoneurotic schizophrenia, and psychotic. There can be little doubt but that the plaintiff's emotional and mental condition is of long standing, preceding his employment by the defendant. Plaintiff

contends that his work environment caused him to have a feeling of harassment, that he felt his superiors and employer did not sufficiently appreciate his abilities, and that his responsibilities were insufficiently compensated. Plaintiff further contends that the pressure that built up within him because of these frustrations was touched off when he finally was offered the title he wanted but at a salary less than that of other superintendents in the defendant's employ.

The defendants contend that there was a question of fact for resolution by the Appeal Board and that the board's findings are supported by credible evidence. The defendants claim that plaintiff's work environment was normal and reasonable, that his promotions and salary increases indicated that his work was appreciated, and that plaintiff's emotional problems were caused by his failure to reach the goals and attainments he set for himself.

Psychiatric testimony described the plaintiff as a person who was proud of his work but frustrated, depressed, crushed, and disappointed that he was not appreciated to the extent he believed he was entitled. The testimony further indicated that his emotional makeup set the stage for his emotional difficulties. The testimony indicates that he is the author of his own difficulties and is completely unable to see that this is the case. He cannot distinguish persecution from reality and he was thinking psychotically.

The plaintiff makes his position clear when he contends that it is not a question of what his working environment actually was but what he thought it was. We cannot accept this argument, nor do we regard *Carter v General Motors Corp,* 361 Mich 577; 106 NW2d 105 (1960), as authority for plaintiff's claim. We do not equate the pres-

sures of assembly line production with the failure to attain self-imposed goals.

The Appeal Board concludes its lengthy opinion in the following manner:

"Our analysis of the work history, contained herein, finds that rather than a work environment perceived by plaintiff as demeaning and injurious his abilities had in fact been recognized, he had enjoyed advances in job status and substantial increases in remuneration in his less than four years of employment with defendant."

It is evident that the above finding, which is supported by the evidence, is a determination by the Appeal Board that the plaintiff's disability is not work related. Findings of fact by the Appeal Board which are supported by the evidence are conclusive in the absence of fraud. *Dean v Arrowhead Steel Products Co, Inc,* 5 Mich App 691; 147 NW2d 751 (1967). This Court is bound by such findings. The plaintiff is in an even less favorable position than the plaintiff in *MacKenzie v Fisher Body Division, General Motors Corp,* 48 Mich App 175; 210 NW2d 357 (1973).

Affirmed. Costs to the defendant.

All concurred.