LABUDA v CHRYSLER CORPORATION

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—PSYCHONEUROTIC DISORDERS—NERV-
OUSNESS—PENDING DEMOTION—COMPENSATION.

A blow to the psyche resulting in employment disability is just as
compensable under the workmen's compensation act as a blow
to the body; however, being nervous or fidgety as a consequence
of a bad job situation and a pending demotion is not disabling
in and of itself, nor is it the basis for a psychiatric diagnosis,
and, therefore, is not compensable under the act.

DISSENT BY T. M. BURNS, J.

2. WORKMEN'S COMPENSATION—PSYCHONEUROTIC DISORDERS—COMPEN-
SABLE DISABILITY.

*The proper question to be considered in a workmen's compensa-
tion action for emotional disability is not whether the emo-
tional difficulties could amount to a compensable disability, but
whether they did amount to a compensable disability; a claim-
ant is disabled under the Workmen's Compensation Act where
he cannot return to his job without suffering psychologically
and again placing himself in precisely the same situation which
caused him to leave that position, and his emotional condition
was caused by the employment situation.*

Appeal from the Workmen's Compensation Ap-
peal Board. Submitted Division 2 March 14, 1975,
at Detroit. (Docket No. 19539.) Decided May 28,
1975. Leave to appeal applied for.

Claim by Leo Labuda, Jr., against Chrysler Cor-
poration for workmen's compensation. Compensa-

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 250.

tion denied. Plaintiff appeals by leave granted.
Affirmed.

*Kelman, Loria, Downing, Schneider & Simpson*
(by *Robert W. Howes),* for plaintiffs.

*Lacey & Jones* (by *Hayim I. Gross),* for defend-
ant.

Before: R. B. BURNS, P. J., and T. M. BURNS and
R. M. MAHER, J.J.

R. B. BURNS, P. J. Plaintiff was denied work-
men's compensation[1] for a nervous disorder
brought on by the pressures of his job. We affirm.

Plaintiff relies on *Carter v General Motors Corp,*
361 Mich 577; 106 NW2d 105 (1960). Carter had
been employed by General Motors for several
years as a machine operator. He was transferred
to the production line. He was not able to keep up
with the line and, as a result, suffered an emo-
tional collapse. He was hospitalized and found
disabled by the board.

The Supreme Court stated, 361 Mich at 593; 106
NW2d at 113:

"The case at bar involves a series of mental stimuli
or events—(the pressure of his job and the pressure of
his foreman)—which caused an injury or disability un-
der the act, causal connection in fact having been found
by the board, supported by competent evidence. We find
further that Mr. Carter's disabling psychosis resulting
from emotional pressures encountered by him daily in
his work is compensable under part 2 of the act."

In our present case plaintiff had worked for the
defendant several years, progressing from "clerk"

---

[1] MCLA 412.1 *et seq.;* MSA 17.151 *et seq.*

to "dispatcher" to "billing clerk". With the advent of computers he was offered the position of programs system analyst. He was sent to school and felt inferior because most of the students were graduate engineers or already analysts while he had only graduated from high school. He worked for approximately a year and a half as an analyst but he just couldn't perform the job adequately. As a result he became "nervous", "fidgety", and couldn't sleep well. Plaintiff asked that he be returned to his prior job, but was advised that it no longer existed.

Plaintiff then sought medical help and was given pills. After a couple of days on the pills he went to see one Mr. Capanowski and told him: "This is it. I can't take any more. I want to be put back in my other job." He was told that there wasn't any other job, was accused of being drunk and was sent to the personnel manager.

The defendant interpreted this confrontation as a resignation and so informed the plaintiff. After some renegotiations, conferences, and psychotherapy, plaintiff was rehired as a clerk, the approximate position that he originally had held with the company.

The Workmen's Compensation Appeal Board stated in its opinion:

"Plaintiff counsel, on oral argument, charges that a blow to the psyche resulting in disability is just as compensable as a blow to the body. And since *Carter v General Motors [supra]*, that is a legal verity. But we must not only have cause, but must have result also. What did these stressful events do to plaintiff? As we read these proofs, the answer is little or nothing. Being 'nervous' or 'fidgety', are rather normal consequences of a bad job situation and a pending demotion. They are not disabling in and of themselves, nor are they the

basis for a psychiatric diagnosis (of which Doctor Forrer testifies there is none).

"Plaintiff did not feel himself disabled—he asked for another job within his talent limitations, not within any now-limiting psychological limits. Why did he seek psychological counseling? Not because of disability, but because he was sent by his supervisor as a prerequisite to job placement."

The record sustains the findings of the board. While the plaintiff was not capable of performing the duties of a "programs system analyst" he was never disabled from being able to perform any of the duties of his prior jobs.

Affirmed.

R. M. Maher, J., concurred.

T. M. Burns, J. *(dissenting)*, I cannot agree with the majority's conclusion that plaintiff is not entitled to workmen's compensation benefits.

The appeal board relied upon the defense testimony that plaintiff did not suffer any identifiable psychosis or psychoneurosis, concluding that being merely nervous or fidgety "are not disabling in and of themselves, nor are they the basis for a psychiatric diagnosis". It is my opinion that the board was incorrect in relying upon the lack of a specific psychiatric diagnosis for concluding that the plaintiff could not be disabled.

The issue is not whether there is a psychiatric diagnosis, but rather whether the plaintiff is in fact disabled. MCLA 418.401; MSA 17.237(401). The board erroneously found that the emotional difficulties of the plaintiff *could not* amount to a compensable disability. However, the proper question to be considered is not whether these emotional difficulties *could* amount to a compensable disability, but whether they *did* amount to such a disability in this case. I believe that to this extent,

the board relied upon an improper standard of review since it is undeniable that plaintiff's emotional condition was caused by the employment situation.

I cannot understand the board's determination that plaintiff was not disabled where, as here, the testimony undisputedly establishes that the plaintiff should not and could not return to his programs system analysis job without suffering psychologically. Where it is agreed that plaintiff should not and could not return to the employment which caused the disability without again placing himself in precisely the same situation which caused and forced him to leave that position, or again become disabled, then he is in fact disabled under the Workmen's Compensation Act. *Allen v National Twist Drill & Tool Co,* 324 Mich 660; 37 NW2d 664 (1949). Regardless of whether or not the psychiatrists who examined plaintiff agreed upon the psychiatric terminology or labeling, they did agree that it would be inadvisable for plaintiff to return to the job which caused his disability. In my opinion, since plaintiff was unable to return to his programs system analysis job, he was disabled. Furthermore, the fact that his emotional difficulty caused him to seek other job assignments and ultimately a resignation does not avoid the question of disability, but rather is evidence supporting the existence of disability.

Since the board has applied a fallacious legal standard in this case, I would reverse and remand the cause to the board for reconsideration. *Zaremba v Chrysler Corp,* 377 Mich 226; 139 NW2d 745 (1966), dissenting opinion of Judge BRONSON in *MacKenzie v Fisher Body Division of General Motors Corp,* 48 Mich App 175, 180; 210 NW2d 357 (1973), *lv granted,* 390 Mich 808 (1973).