Weaver, J.
(dissenting). I respectfully dissent from the majority’s holding that a claimant who alleges that he has suffered a work-related injury because of the aggravation of his symptoms “must prove that the injury is medically distinguishable from a preexisting nonwork-related condition . . . .” Ante at 222 (emphasis added). The majority’s holding reads into the statute a new test that the text of the statute does not require.[1]
The question whether an aggravation of symptoms constitutes a work-related injury is a difficult determination. The Worker’s Disability Compensation Act (wdca) is a remedial statute that should be construed *235 liberally to grant benefits rather than deny benefits. Bower v Whitehall Leather Co, 412 Mich 172, 191; 312 NW2d 640 (1981); DiBenedetto v West Shore Hosp, 461 Mich 394, 402; 605 NW2d 300 (2000).[2] Therefore, construing the statute liberally, as our case law directs us to do, I would hold that an aggravation of symptoms may constitute a work-related injury that is compensable under the WDCA. In so concluding, I find persuasive the well-reasoned analysis of Mattison v Pontiac Osteopathic Hosp, 242 Mich App 664, 672; 620 NW2d 313 (2000), which the majority overrules.[3] Mattison, at 672, stated:
Awarding benefits on the basis of the aggravation of symptoms alone accords with the policy underlying the [Worker’s Disability Compensation Act]. The objective of the WDCA is to compensate a claimant for the loss of an earning capacity caused by a work-related injury- Kuty v DAIIE, 140 Mich App 310, 313; 364 NW2d 315 (1985). Even when a preexisting condition was not caused or aggravated by employment, if an employee is unable to work because work-related events have aggravated the symptoms of the condition to the point of disability, the employer should be liable for wage-loss benefits until the symptoms subside to their preexisting level. See McDonald [v Meijer, 188 Mich App 210, 215-216; 469 NW2d 27 (1991).] But for the employee’s work for the employer, the employee would not be disabled. It is therefore appropriate to hold the employer liable for payment of benefits during what is usually a lim *236 ited period. On the other hand, because the employment did not cause or aggravate the underlying condition, the employer should not be liable indefinitely, but only until the symptoms return to their preaggravated condition. Id.
In the present case, the magistrate specifically found that plaintiffs cervical symptoms were aggravated by his work activities and that he was disabled as a result of those symptoms.[4] The magistrate’s decision stated in pertinent part, “The Plaintiff has established, by a preponderance of the proofs, that he suffered a symptomatic aggravation of his cervical spondylosis and postsurgical cervical changes.” (Emphasis added.) The magistrate also stated:
I find Mr. Rakestraw’s already altered cervical spine, the postsurgical changes, as well as his cervical spondylosis, were symptomatically made worse by his work activities. More specifically, I find that his work activities, through his last day of work, significantly contributed to, accelerated or aggravated his cervical symptoms. That aggravation of his symptoms has not abated. He remains disabled as a result of those symptoms. [Emphasis added.[5]]
*237 Applying the reasoning of Mattison, the aggravation of the plaintiffs symptoms in this case is an injury arising out of and in the course of employment, and, thus, plaintiff is entitled to worker’s compensation benefits for the aggravation of his symptoms until such time as his symptoms return to their preaggravated condition.
The majority asserts that this analysis disregards the requirement of a work-related injury and permits a claimant to recover for a “symptom that simply occurs in the workplace.” Ante at 233. Such an assertion is unfounded. As I have emphasized, the magistrate found that the plaintiff’s symptoms in this case were aggravated by work. Thus, they cannot properly be considered symptoms that fortuitously manifested themselves during the workday; instead, they are causally linked to plaintiff’s work.
For these reasons, I would remand this case to the magistrate for proceedings consistent with this reasoning.
Cavanagh and Kelly, JJ., concurred with Weaver, J.

 MCL 418.301 requires “a personal injury arising out of and in the course of employment. . . .”

 I note that Justice Markman’s majority opinion in DiBenedetto was joined by all the justices who comprise the majority in this case. If the majority now disagrees with this analysis, perhaps it should act to overrule DiBenedetto and all the cases that have so held.

 Although at one time on the Court of Appeals I was inclined to hold that there is no compensation where the plaintiffs disability is the result of symptoms that occur at work, (see Laury v Gen Motors Corp [On Remand, On Rehearing], 207 Mich App 249, 251; 523 NW2d 633 [1994]), upon further consideration of this issue, I have decided that I agree with Mattison.

 Unable to dispute the magistrate’s findings, the majority instead attempts to mischaracterize these findings as mere “commentaiy regarding plaintiff’s symptoms.” Ante at 223 n 3. One should not be persuaded by this obfuscation, which improperly diminishes the role of the magistrate in worker’s compensation cases. In considering the case, the wcac correctly recognized that these statements are appropriately considered as findings of the magistrate.

 In its decision affirming the magistrate’s award, the wcac noted that defendant did not challenge the basic factual findings of the magistrate.
Pursuant to MCL 418.861a(3), “[t]he wcac treats the magistrate’s findings of fact as conclusive ‘if supported by competent, material, and substantial evidence on the whole record.’ ” Mudel v Great Atlantic & Pacific Tea Co, 462 Mich 691, Appendix 732; 614 NW2d 607 (2000).
The reviewing court treats the findings of fact made by the wcac as conclusive in the absence of fraud. Id. “If there is any evidence supporting the wcac’s factual findings, the [reviewing court] must treat those findings as conclusive.” Id. Questions of law are reviewed de novo. Id.