CASTILLO v GENERAL MOTORS CORPORATION

Docket No. 48264. Submitted December 10, 1980, at Lansing.—Decided April 23, 1981. Leave to appeal applied for.

Magdalena Castillo filed a claim for workers' compensation benefits for personal injury and/or disablement from occupational disease. Following a hearing, an administrative law judge found that claimant did not have a work-related disability. Claimant appealed to the Worker's Compensation Appeal Board which affirmed the decision of the administrative law judge. Claimant appeals, alleging that the board erred as a matter of law in relying solely on the testimony of one witness regarding the medical "cause" of her pain and in finding that a supervening event precluded recovery for a prior compensable injury. *Held:*

1. The board, confronted with conflicting medical testimony and with the knowledge that lay testimony could add nothing to the resolution of the issue, properly weighed the testimony in arriving at its decision. The board did not err in relying on the testimony of one of the medical witnesses.

2. The board did not find that recovery for a prior compensable injury was precluded by a supervening event but that claimant was not entitled to recovery of benefits either before or after her nonwork-related accident.

Affirmed.

T. M. BURNS, P.J., dissented. He would hold that the record reveals that claimant's injuries were or could have been aggravated by her employment and would remand the claim to the board with instructions to determine whether claimant was disabled when the original compensation was voluntarily paid, whether that disability was caused by an underlying condition which was aggravated by her employment, and if so, whether claimant continues to be disabled or, if not currently disabled,

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 633, 634.
[2, 3] 82 Am Jur 2d, Workmen's Compensation § 537.
[4] 82 Am Jur 2d, Workmen's Compensation § 290 *et seq.*
[5] 82 Am Jur 2d, Workmen's Compensation § 334.

when her disability ceased. He would reverse and remand for further fact finding.

OPINION OF THE COURT

1. WORKERS' COMPENSATION — WORKER'S COMPENSATION APPEAL BOARD — APPEAL — EVIDENCE — STANDARD OF REVIEW.

The Court of Appeals does not review on appeal the findings of fact of the Worker's Compensation Appeal Board except to determine whether there is any evidence, direct or circumstantial, to support an award by the board regardless of thought or suggestion addressed to the improbability of such evidence.

2. WORKERS' COMPENSATION — WORKER'S COMPENSATION APPEAL BOARD — EXPERT WITNESSES — DETERMINATION OF ISSUES.

The Worker's Compensation Appeal Board, in determining an appeal of a claim for workers' compensation benefits for a work-related disability, where confronted with conflicting medical testimony and where lay testimony could add nothing to the determination of the issue, may weigh the medical testimony and rely exclusively on the opinion of one witness.

DISSENT BY T. M. BURNS, P.J.

3. WORKERS' COMPENSATION — WORKER'S COMPENSATION APPEAL BOARD — APPEAL — EVIDENCE — EXPERT WITNESSES.

*The Worker's Compensation Appeal Board should reject conclusory statements by medical witnesses concerning causation because of the differing terminology of doctors and lawyers, and on appeal the uncritical adoption of such statements without examination or relation of the facts to the conclusions should be rejected.*

4. WORKERS' COMPENSATION — WORKER'S COMPENSATION APPEAL BOARD — DETERMINATION OF CLAIMS.

*The Worker's Compensation Appeal Board in determining a claim for workers' compensation benefits should consider whether the claimant is disabled, whether the disability is the result of some personal injury, and whether the claimant's employment aggravated, accelerated, or combined with some internal weakness or disease to produce the injury.*

5. WORKERS' COMPENSATION — SUPERVENING EVENTS — ELIGIBILITY FOR COMPENSATION.

*The existence of an intervening nonwork-related trauma does not render a prior disability noncompensable where a workers'*

*disability claimant is partially disabled by a condition aggravated by work.*

*Sablich, Ryan, Rapaport, Bobay & Pollok, P.C.,* for plaintiff.

*Anderson, Green & Vincent, P.C.,* for defendant.

Before: T. M. Burns, P.J., and Allen and D. F. Walsh, JJ.

Per Curiam. Claimant (hereinafter plaintiff) appeals an October 31, 1979, Workers' Compensation Appeal Board (WCAB) decision affirming an administrative law judge's decision denying plaintiff's petition for workers' compensation benefits.

The facts in evidence before the administrative law judge and the WCAB are as follows. Plaintiff commenced employment with defendant on August 16, 1971, after having passed a preemployment physical examination. Plaintiff's work entailed bending and lifting. Shortly after commencing employment, plaintiff began to experience pain in her back and left shoulder blade. Although plaintiff was treated with heat and pain pills at the plant hospital, plaintiff's discomfort became such that she felt she could no longer continue working. Beginning in October of 1972, plaintiff was off work for approximately one and one-half months during which time respondent (hereinafter defendant) voluntarily paid workers' compensation benefits. Plaintiff returned to work on December 6, 1972. On April 5, 1973, plaintiff again left work. Plaintiff saw Dr. Badgley about the pain in her back and left shoulder blade. Plaintiff remained off work until July 6, 1973, when she returned to favored work. Defendant voluntarily paid workers' compensation benefits from April 5, 1973, to July

5, 1973. On August 10, 1973, plaintiff was injured in a nonwork-related accident and did not return to work until May 14, 1975. Although plaintiff had fully recovered from her nonwork-related accident, there were no jobs available on May 14, 1975, within her favored-work classification. Plaintiff was placed on sick leave. After having been on sick leave for longer than her seniority would allow, plaintiff's employment was terminated.

Plaintiff then filed for workers' compensation benefits, claiming personal injury and/or disablement from occupational disease while in defendant's employ. A hearing on the matter was held on March 17, 1977, before an administrative law judge. At this hearing, it was undisputed that plaintiff indeed suffered from pain in her back and left should blade while employed by defendant. The only dispute concerned the deposition testimony of the two medical witnesses in the case. The deposition of Dr. Clark was introduced into evidence by plaintiff. Dr. Clark testified that plaintiff had chronic left shoulder and dorsal back strain and that her employment with defendant precipitated or aggravated her back problem. The deposition of Dr. Badgley was introduced into evidence by defendant. Dr. Badgley testified that plaintiff suffered from thoracic outlet syndrome, a congenital anomaly which had nothing to do with plaintiff's work. Simplified, Dr. Badgley found that plaintiff suffered from an anatomical condition which, when plaintiff does a particular movement or a series of movements, becomes symptomatic and that plaintiff suffers pain. Dr. Badgley clearly testified that:

"Certain types of work will cause her to have symptoms, but it does not aggravate the thoracic outlet syndrome and neither did it cause it."

Both the administrative law judge and the WCAB placed more credence in Dr. Badgley's testimony and denied plaintiff benefits, finding that plaintiff did not have a work-related disability. Plaintiff appeals the finding.

However:

" 'It may not be necessary to repeat what we have so frequently said that this Court *[sic]* does not review the findings of fact of the board, except to determine whether there is any evidence to support the award. The evidence may not be direct; it may be circumstantial. The board not only passes on the credibility of witnesses, but draws its inferences from the circumstances and the facts which it finds established. We may reverse awards for a failure of evidence to support them, but we are not the triers of the facts. With this view in mind, we approach the consideration of this case.' *[Meyers v Michigan Central R Co,* 199 Mich 134, 137; 165 NW 703 (1917)].

"Our jurisdiction, invoked upon issuance and return of certiorari to the workmen's compensation department, is markedly limited. The writ brings us questions of law only. It does not permit scale-weight of evidence and inference here, as on appeals from circuit court judgments, to determine whether administrative findings of fact offend rules governing clear weight and preponderance. Our obligation is to accept, without question, findings that are certified here if there be any evidence whatever to sustain those findings, regardless of thought or suggestion addressed to improbability thereof. Furthermore, and when we employ as above the word 'evidence,' synonymity with the word 'facts' is not intended. 'Evidence' is really the means by which inferences may logically be drawn as to the existence of facts *(Tjernstrom v Ford Motor Co,* 285 Mich 450, 456 [280 NW 823 (1938)])." *Thornton v Luria-Dumes Co-Venture,* 347 Mich 160, 162-163; 79 NW2d 457 (1956).

See also *Coates v Continental Motors Corp,* 373 Mich 461, 467; 130 NW2d 34 (1964), and *Dean v*

*Arrowhead Steel Products Co, Inc,* 5 Mich App 691, 700-701; 147 NW2d 751 (1967).

Dr. Badgley's testimony clearly supports the WCAB finding that plaintiff did not suffer a work-related injury. Consequently, we may not reverse the WCAB findings of fact.

Plaintiff argues that the WCAB erred as a matter of law by relying solely on Dr. Badgley's testimony as to the medical "cause" of plaintiff's pain. Plaintiff is incorrect in attempting to apply *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979), to the case at bar to find error requiring reversal. Faced with a claim of a work-related heart attack, *Kostamo* indicated that it is not possible to determine medically whether a particular stress caused a particular injury. It was also noted that it is recognized medically that stress can cause a heart attack. Applying these two principles to the fact situation in *Kostamo,* the Court held that it was error for the trial court to rely exclusively upon medical opinion testimony that a particular heart attack was not "caused" by work-related stress. The *Kostamo* Court held that the judgmental question of whether the asserted work-related stress did cause the heart attack was not entirely the province of the medical profession and that both lay and medical testimony should be considered in making this determination. *Kostamo, supra,* 120-121.

*Kostamo* is easily distinguishable from the present fact situation. While in *Kostamo* the board accepted as conclusive medical opinion testimony regarding a question recognized as being incapable of medical determination, *i.e.,* whether a particular work-related stress caused a heart attack, the board in the present case weighed two divergent medical experts' opinion testimony. One found

chronic left shoulder and dorsal back strain; the
other found thoracic outlet syndrome. Unlike *Kostamo,* it is undisputed that the body movements
required by plaintiff's employment caused her
pain. The question before the board in the case at
bar was whether plaintiff's pain was (1) an aggra-
vation of her back strain as testified to by Dr.
Clark, or (2) symptomatic of plaintiff's underlying
congenital anomaly, thoracic outlet syndrome,
which is neither aggravated nor caused by her
employment-related movements as testified to by
Dr. Badgley. Unlike *Kostamo,* where lay testimony
could support a conclusion which was medically
impossible to refute that the injury (heart attack)
was work-related, lay testimony in the present
case could only support that to which both medical
experts' testimony agreed, *i.e.,* that plaintiff's pain
was the result of employment-related movement.
Lay testimony could not be expected to confirm or
deny the existence of the comparatively rare tho-
racic outlet syndrome. Therefore, we find no error
in the WCAB's reliance upon the testimony of Dr.
Badgley as to the existence of thoracic outlet
syndrome.

The present case is similar to the claims involv-
ing *Fiszer* and *Hannula* reported with *Kostamo.* It
was undisputed that both Fiszer and Hannula
were told by their physicians to discontinue work-
ing due to arteriosclerosis. Although both claim-
ants argued that they had suffered heart injuries
during their employment, the WCAB was pre-
sented with conflicting medical testimony as to
whether they had suffered heart damage. The
WCAB weighed the conflicting medical testimony
and found that although there was a causal rela-
tionship between the underlying disability, arterio-
sclerosis, and the claimants' inability to continue

working, that disability was not caused and could not have been aggravated by their employment. *Kostamo, supra,* 118. Likewise, in the present case, plaintiff argued that she had suffered injury during her employment. Similarly, the WCAB was presented with conflicting medical testimony as to whether plaintiff had suffered an employment-related injury or whether plaintiff suffered from thoracic outlet syndrome which, like arteriosclerosis, was not caused and could not have been aggravated by her employment. The WCAB weighed the conflicting medical testimony and denied benefits. As did the Supreme Court in *Kostamo* with regard to Fiszer and Hannula, we affirm the WCAB's decision.

Plaintiff's last claim of error is also without merit. The WCAB did not find that plaintiff's August, 1973, nonwork-related accident prevented her recovery of benefits. The WCAB did not find that a supervening event precluded recovery for a prior compensable injury which would violate the holding of *Powell v Casco Nelmor Corp,* 406 Mich 332; 279 NW2d 769 (1979). Rather, the WCAB found that plaintiff was not entitled to recovery of benefits either before or after this nonwork-related accident. As such, no error occurred.

Affirmed.

T. M. BURNS, P.J. *(dissenting).* Respectfully, I dissent.

In *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 136, 138; 274 NW2d 411 (1979), the Supreme Court stated:

"In a number of cases we have emphasized that we cannot review a decision of the WCAB as a question of the law unless its findings of fact are sufficiently detailed so that we can separate the facts it found from

the law it applied, and that conclusory findings are inadequate because we need to know the path it has taken through the conflicting evidence, the testimony it has adopted, the standards followed and the reasoning used to reach its conclusion.

* * *

"Because of the differing terminology of doctors and lawyers, conclusory statements concerning causation should be rejected by the WCAB, and their uncritical adoption, without examination or relation of the facts to the conclusion, should be rejected by the appellate courts."

When addressing a compensation claim, three questions must be considered by the appeal board: 1) Is the claimant disabled? 2) If so, is the complainant disabled on account of some "personal injury"? and 3) Did the claimant's employment aggravate, accelerate, or combine with some internal weakness or disease to produce the personal injury? *Deziel v Difco Laboratories, Inc,* 394 Mich 466, 476; 232 NW2d 146 (1975).

The administrative law judge who heard this case played the game condemned by *Kostamo.* Specifically, he found that "[t]he proofs further establish a rather substantial history of physical symptomatology thereafter, including the left shoulder". He further noted that, "[b]enefits were paid to plaintiff on a voluntary basis through 7-5-73 when she was returned to restricted work activity", and that again after 6-14-75, plaintiff "was returned to restricted work activity". On the question of disability, the administrative law judge concluded, "Dr. Badgley treated plaintiff both before and after the injury of 8-10-73. And he testified rather convincingly that plaintiff does not now have a work related disability."

These findings are troubling. They seem to say

that plaintiff was injured, *i.e.,* that she had a physical symptomatology, and that she was disabled, *i.e.,* that she was returned to restricted work activities. They then jump to a denial of benefits based entirely upon Dr. Badgley's conclusory statements concerning causation.

The appeal board adopted the administrative law judge's findings as its own and then added: "We thus find that plaintiff's return to restricted work was not the result of employment, but due to an illness or disease not caused or aggravated by defendant's employment. Her debility made it impossible for her to continue employment when such restricted work was no longer available."

Thus, the appeal board appears to find that plaintiff was disabled, *i.e.,* that she has a debility but that her return to work "when such restricted work was no longer available" was not the result of employment. This finding is utterly unsatisfactory to explain anything.

Examining the record with the three factors of *Deziel* in mind, I believe that the evidence establishes without a doubt that plaintiff is disabled. In fact, the appeal board appears to infer so by stating in its opinion that she suffers from a "debility".

Although the board's findings on the second factor of *Deziel* can only charitably be described as less than clear, the evidence also convinces me that plaintiff is disabled on account of a personal injury. In this regard, plaintiff testified that she began suffering arm and shoulder pain as a result of her employment. After the pain appeared, Dr. Badgley treated her and returned her to "restricted employment". The administrative law judge who denied plaintiff benefits found a "substantial history of physical symptomatology there-

after including the left shoulder" and noted both the medical treatment and voluntary payment of benefits to plaintiff. Although the appeal board adopted these findings of the administrative law judge, the board refused to make a clear finding on this question. Rather, the board appeared to be more concerned about discussing whether plaintiff's "return to restricted work" was caused by employment. Whatever the purpose of the board's concern with this point may have been, it was both factually and legally insufficient to provide the basis for denying plaintiff benefits.

The third factor of *Deziel,* whether the claimant's employment aggravated, accelerated, or combined with some internal weakness or disease to produce the personal injury, must also be decided in plaintiff's favor on the record before us. As Dr. Badgley is quoted by the appeal board as saying:

"Then on 7-3-73, she returned to work with limitation that was, I think, put on by Olds Medical, that she shouldn't push, pull or jerk. And I note, my notes say, 8-1-73, she was okay to return to work but with no pulling of the left arm or working with the left arm above the shoulder. This condition was due to her thoracic outlet syndrome, and she was restricted from doing that kind of work so she would not have pain."

As is clear from this evidence, plaintiff's injuries were or could have been aggravated by her employment.

On the whole, the opinion of the board is grossly deficient because it is confusing and unsatisfactorily discusses the issues in this case. Therefore, I would remand to the appeal board and instruct it to answer the following questions:

1) Was plaintiff disabled when compensation was voluntarily paid in 1972-1973?

2) Was that disability caused by an underlying condition which was aggravated by her employment?

If the appeal board were to answer these two questions in the affirmative, as would appear likely based upon the evidence in the record before us, then the board should consider a third question: 3) whether plaintiff's disability continues or, if not, ascertain when it ceased.

Parenthetically, I would hold that the existence of plaintiff's August 10, 1973, automobile accident is not relevant to the question of whether she is entitled to benefits. If a claimant is partially disabled by a condition aggravated by work, the existence of an intervening nonwork-related trauma does not render the prior disability noncompensable. *Medacco v Campbell, Wyant & Cannon Foundry Co,* 48 Mich App 217; 210 NW2d 360 (1973). This principle of law is especially true in the instant case where the only evidence on this matter, the testimony of Dr. Badgley, clearly indicates that plaintiff was completely recovered from the effects of the automobile accident when he released her for work on May 14, 1975.

I dissent and would remand this case to the Workers' Compensation Appeal Board with instructions to conduct further fact-finding and clarify its prior opinion.