THOMAS v CHRYSLER CORPORATION

Docket No. 95386. Submitted May 14, 1987, at Detroit. Decided
August 5, 1987. Leave to appeal denied, 429 Mich 880.

Plaintiff, Willis R. Thomas, began working at the Huber Foundry
of defendant, Chrysler Corporation, in July, 1973. Approxi-
mately one to three weeks later, plaintiff developed a skin
condition which caused him to miss work for various periods of
time. His last day of work was April 23, 1979. Defendant
voluntarily paid plaintiff disability benefits for some of the
periods of missed work. When plaintiff ceased working, defen-
dant ceased paying voluntary workers' compensation benefits
and instead began paying sickness and accident extended dis-
ability benefits via its group insurer which pays employees for
nonwork-related conditions. Plaintiff filed a petition for a work-
ers' compensation hearing and, following a hearing, the referee
granted plaintiff an open award of benefits beginning April 24,
1979, plus reasonable and necessary medical expenses. Upon
review of that award, the Workers' Compensation Appeal
Board reversed it in part. The WCAB, finding that plaintiff's
employment with defendant caused at most an exacerbation of
symptomatology and did not cause or aggravate the plaintiff's
underlying condition, limited the award of benefits to the time
period of April 23, 1979, to June 11, 1979. Plaintiff applied to
the Court of Appeals for leave to appeal. The Court issued an
order which granted leave to appeal, vacated the WCAB's denial
of benefits to plaintiff and remanded to the WCAB for further
proceedings on the ground that there was evidence to indicate
that a possible causal connection may have existed between his
employment and his condition. Docket No. 82779, March 28,
1985. On remand, the WCAB found that plaintiff's skin condition
was an ordinary disease of life, that the condition had not been

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 290-295, 509 et seq.; 613-
617, 641, 642.

Sufficiency of proof that condition of skin or sensory organ resulted
from accident or incident in suit rather than from pre-existing
condition. 2 ALR3d 446.

Pleading aggravating of pre-existing physical condition. 32 ALR2d
1447.

aggravated or accelerated by plaintiff's employment, and that the plaintiff had totally recovered from the skin condition as of June 11, 1979. The WCAB determined that plaintiff was not entitled to compensation after June 11, 1979, since the medical inadvisability of working at a specific job was not sufficient to render an individual disabled in the field of common labor. Plaintiff's subsequent application for leave to appeal to the Court of Appeals was denied. Docket No. 90312, April 2, 1986. Thereafter, he applied for leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave, remanded to the Court of Appeals for consideration as on leave granted. 426 Mich 857 (1986).

The Court of Appeals *held:*

The WCAB applied the appropriate legal standard. Plaintiff did not meet his burden of proving that his employment caused or aggravated his underlying condition; at most it caused an exacerbation of symptomatology. Where it is only plaintiff's symptoms, not his underlying condition, which have been aggravated by his employment, plaintiff is entitled to a closed award of benefits only. Plaintiff had the burden of persuasion regarding the question of fact of where he acquired the condition. The WCAB determined that plaintiff's condition was an ordinary disease of life.

Affirmed.

SHEPHERD, J., concurred with the result noting that there was adequate evidence for the WCAB to find that the plaintiff was cured as of June 11, 1979, and that therefore the award should be closed as of that date. He does not agree that the evidence supports the conclusion that the disease in question was an ordinary disease in life. He believes that if the plaintiff had an underlying condition it was clearly aggravated by the workplace. He noted that, now that plaintiff is cured, he simply has a problem in that he may not go back to his former employment because of his condition, however, that is not a problem that has been addressed by the workers' compensation statutes.

1. WORKERS' COMPENSATION — APPEAL — FINDINGS OF FACT.

Findings of fact by the Workers' Compensation Appeal Board will not be overturned by the Court of Appeals where there is any competent evidence to support them; such findings are conclusive absent fraud (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — APPEAL.

The Court of Appeals may examine a Workers' Compensation

Appeal Board decision for application of correct legal standards and reverse and remand to the board for further fact-finding and conclusions of law where the board applied an erroneous legal standard.

3. WORKERS' COMPENSATION — EVIDENCE.

The claimant in all successful workers' compensation cases must establish by a preponderance of the evidence both a personal injury and a relationship between the injury and the workplace.

4. WORKERS' COMPENSATION — CLOSED AWARD OF BENEFITS.

A workers' compensation plaintiff is entitled only to a closed award of benefits where it is only the plaintiff's symptoms, not his underlying condition, which have been aggravated by his employment.

5. WORKERS' COMPENSATION — WORK-RELATED INJURY.

The workers' compensation law does not provide compensation for a person afflicted by an illness or disease not caused or aggravated by his work or working conditions; nor is a different result required because disability has progressed to the point where the worker cannot work without pain or injury; unless the work has accelerated or aggravated the illness, disease or deterioration and, thus, contributed to it, or the work, coupled with the illness, disease or deterioration, in fact causes an injury, compensation is not payable.

6. WORKERS' COMPENSATION — FINDINGS OF FACT.

Findings of the Workers' Compensation Appeal Board regarding whether a disability exists and whether a particular employment has aggravated a condition to the point of disability are findings of fact.

*Paul D. Muller,* for plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for defendant.

Before: D. F. WALSH, P.J., and SHEPHERD and DOCTOROFF, JJ.

PER CURIAM. This case is before us a second time on appeal from an order of the Workers' Compensation Appeal Board. When plaintiff initially ap-

plied to this Court for leave to appeal, we vacated the WCAB's denial of benefits to him and remanded this case for further proceedings on the ground that there was evidence to indicate that a possible causal connection may have existed between his employment and his condition. The WCAB on remand, however, reaffirmed its denial of benefits on slightly different grounds.

Plaintiff then applied again to this Court for leave to appeal, which we denied. Thereafter, he applied for leave to appeal to the Supreme Court. The Court, in lieu of granting leave, remanded this case to this Court for consideration as on leave granted. 426 Mich 857 (1986). We affirm.

Plaintiff began working at defendant's Huber Foundry in July, 1973. During his working hours, plaintiff was exposed to oil, grease and very hot temperatures. Approximately one to three weeks after beginning employment, he developed pimples. The pimples spread increasingly and covered his face, shoulders, arms and ultimately his entire body. A recurring pattern developed such that when plaintiff would take time off from work, his skin cleared up; when he would return to work, the skin condition would return. Plaintiff missed work from November 7, 1975, to March 2, 1976; June 12, 1976, to February 18, 1979; and March 8, 1979, to March 26, 1979. His last day of work was April 23, 1979.

During his years of employment, plaintiff received both inpatient and outpatient treatment. From November 7, 1975, to March 2, 1976, and June 12, 1976, to February 18, 1979, defendant voluntarily paid plaintiff disability benefits of $130 per week. Plaintiff began to receive extended disability benefits in November, 1979, and also received general assistance.

At the hearing before the workers' compensation

referee, the deposition of dermatologist Earl J. Rudner, M.D., was admitted into evidence. Rudner had treated plaintiff four times from April, 1979, through June, 1979. Rudner had never seen plaintiff while his skin condition was in the active stage, and therefore based his conclusions on a visual examination of plaintiff as well as his physical history. He testified that plaintiff had primary folliculitis and secondary contact dermatitis, that could be exacerbated by further skin contact with oil and grease.

Rudner had offered to test plaintiff with materials from the work place, but plaintiff did not submit to the testing. According to Rudner, the environment of the foundry lends itself to skin eruptions. He further testified that contact dermatitis is acquired, not inherited. Plaintiff elected not to return for follow-up care in contravention of Rudner's recommendation.

Safety Environmental Supervisor John D. Brazil testified for defendant, stating that a person working on the conveyor line at defendant's Huber Foundry would have little exposure to oil, although he was aware that oil was used to lubricate the deck. He also testified that work restrictions had been placed on plaintiff's employment in an attempt to help his skin problem.

In rebuttal, one of plaintiff's fellow employees testified that at the foundry there was steel dust in the air and oil and grease on the floor. The mist in the air stuck to a person's body upon contact.

The referee granted plaintiff an open award of benefits beginning April 24, 1979, in the amount of $156 per week, plus reasonable and necessary medical expenses.

Upon review of that award, the WCAB reversed it in part. The WCAB, finding that plaintiff's employment with defendant "caused at most an exacerba-

tion of symptomatology and did not cause or aggravate the plaintiff's underlying condition," limited the award of benefits to plaintiff to the time period of April 23, 1979, to June 11, 1979.

On remand, the WCAB found that plaintiff's skin condition was an "ordinary disease of life"; that the condition had not been aggravated or accelerated by plaintiff's employment; and that plaintiff had totally recovered from the skin condition as of June 11, 1979. Since the medical inadvisability of working at a specific job was not sufficient to render an individual disabled in the field of common labor, plaintiff was not entitled to compensation after June 11, 1979.

Plaintiff now argues that the WCAB failed to apply proper legal standards. He further argues that its decision was unsupported by the evidence and based on erroneous factual findings.

On review of a WCAB decision, findings of fact are conclusive absent fraud. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861); *Burns v General Motors Corp,* 151 Mich App 520, 527-528; 391 NW2d 396 (1986). Such findings will not be overturned if this Court finds any competent evidence to support them. *Schaefer v Williamston Community Schools (After Remand),* 150 Mich App 186, 190; 387 NW2d 856 (1986). However, the appellate court may examine the board's application of legal standards. *Devault v General Motors Corp,* 149 Mich App 765, 769; 386 NW2d 671 (1986). If the WCAB applied an erroneous legal standard, the correct procedure is to reverse and remand to the WCAB for further fact-finding and conclusions of law. *Williams v Lang (After Remand),* 415 Mich 179, 183; 327 NW2d 240 (1982); *Murdock v Michigan HMO,* 151 Mich App 578, 581; 391 NW2d 757 (1986).

Plaintiff argues that because he was unable to

work at his previous position due to the possibility of recurrence of the pimples, he was disabled within the meaning of MCL 418.401; MSA 17.237(401), relying also on *Adair v Metropolitan Building Co,* 38 Mich App 393, 401-403; 196 NW2d 335 (1972). Although the WCAB determined that plaintiff was not entitled to compensation notwithstanding the medical inadvisability of returning to work, it did not apply improper legal standards, for the question whether it was medically advisable for plaintiff to return to work is not relevant until it is established that the disability was caused or advanced by the work. That it is inadvisable for plaintiff to return to work at Chrysler does not entitle him to benefits unless he has suffered a compensable injury. *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 116; 274 NW2d 411 (1979).

In all successful workers' compensation cases, the claimant must establish by a preponderance of the evidence both a personal injury and a relationship between the injury and the workplace. *Miklik v Michigan Special Machine Co,* 415 Mich 364, 367; 329 NW2d 713 (1982); *Devault, supra* at 769. Where it is only plaintiff's symptoms, not his underlying condition, which have been aggravated by his employment, plaintiff is entitled to a closed award of benefits only. See *Carter v General Motors Corp,* 361 Mich 577, 594; 106 NW2d 105 (1960).

The Supreme Court set forth the criteria for a compensable injury in *Kostamo, supra* at 116:

> The workers' compensation law does not provide compensation for a person afflicted by an illness or disease not caused or aggravated by his work or working conditions. Nor is a different result required because debility has progressed to the point

where the worker cannot work without pain or injury. . . . Unless the work has accelerated or aggravated the illness, disease or deterioration and, thus, contributed to it, or the work, coupled with the illness, disease or deterioration, in fact causes an injury, compensation is not payable.

The WCAB found that plaintiff had not met his burden of proving that his employment caused or aggravated his underlying condition; that at most it caused an exacerbation of symptomatology. The WCAB relied for its determination on the extremely close time relationship between his employment and the manifestation of his symptoms. It also relied on the fact that plaintiff's expert, Dr. Rudner, although testifying that the employment exposure caused the symptomatology, never saw plaintiff when his condition was in an active state, but, rather, saw him more than three years after his symptoms became manifest. The expert therefore gave his medical opinion on the basis of his own presumptions and plaintiff's history.

Although Dr. Rudner indicated that plaintiff's condition had been "acquired" rather than "inherited," the WCAB noted that the opinion was based solely on plaintiff's history without benefit of any proofs adduced at the hearing relative to the types of chemical exposure or oil composition that may have been present. Just where the plaintiff acquired the condition is a question of fact as to which plaintiff had the burden of persuasion. The WCAB concluded that plaintiff's condition was "an ordinary disease of life." We find that the WCAB applied the appropriate legal standard to this case.

Plaintiff also argues that the decision of the WCAB was unsupported by the evidence and based on erroneous factual findings. Findings of the WCAB regarding whether a disability exists and whether a particular employment has aggravated

a condition to the point of disability are findings of fact. *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243, 250; 262 NW2d 629 (1978). The evidence may be circumstantial; the WCAB not only passes on the credibility of witnesses, but draws its inferences from the facts which it finds established. *Castillo v General Motors Corp,* 105 Mich App 776, 780; 307 NW2d 417 (1981), lv den 412 Mich 895 (1982). Where it is only plaintiff's symptoms, not his underlying condition, which have been aggravated by his employment, plaintiff is entitled to a closed award of benefits only. See *Carter, supra* at 594.

The WCAB concluded as a matter of fact that evidence submitted by plaintiff failed to satisfy his burden of proving causation. Our review of the record persuades this Court that the evidence (or lack of it) allows a conclusion that plaintiff failed to sustain his burden of proof regarding causation. See *McClain v Chrysler Corp,* 138 Mich App 723, 728; 360 NW2d 284 (1984), lv den 422 Mich 914 (1985).

This is not, as plaintiff asserts, a case in which the WCAB made findings of fact contrary to the undisputed evidence; rather, it is a situation in which plaintiff's proofs are insufficiently probative in the eyes of the trier of fact. See *Aquilina v General Motors Corp,* 403 Mich 206, 211-212; 267 NW2d 923 (1978).

Accordingly, the order of the WCAB is affirmed.

SHEPHERD, J. *(concurring).* I agree with the result in this case since there was adequate evidence in the record for the WCAB to find that the plaintiff was cured as of June 11, 1979, and that therefore the award should be closed as of that date.

I do not agree that the evidence supports the conclusion that the disease in question was an

ordinary disease of life. The only evidence in the record relating to this question indicates that the disease is acquired and not inherited. There is also no evidence that the disease was acquired anywhere other than the place of employment. In any event, if the plaintiff had an underlying condition, it was clearly aggravated by the work place. I believe that the language in the WCAB opinion that this was nothing more than an exacerbation of symptomatology raises a distinction without a difference. Otherwise, why would plaintiff have received workers' compensation benefits in the first place for any period?

Now that plaintiff is cured, he simply has a problem in that he may not go back to his former employment because of his condition. I agree that that is not a problem that has been addressed by the workers' compensation statutes.