## McDONALD v MEIJER, INC

Docket No. 119210. Submitted October 11, 1990, at Lansing. Decided April 1, 1991, at 9:30 A.M. Leave to appeal sought.

Leslie A. McDonald sought workers' disability compensation benefits as a result of a work-related injury at Meijer, Inc., and an inability to perform favored work. A hearing referee determined that he had established partial disability and awarded benefits. The Workers' Compensation Appeal Board, although finding the evidence insufficient to establish that a preexisting condition had been worsened by the employment or the accident, affirmed the referee's order of benefits, finding that the preexisting condition had been exacerbated by the accident. The board also concluded that the permanent increase in symptoms entitled McDonald to benefits for the duration of the disability and that McDonald's refusal to perform favored work was reasonable. Meijer appealed.

The Court of Appeals *held*:

1. There is evidence to support the board's finding that McDonald's employment and the accident caused his symptoms to worsen and that he continued to experience increased symptoms on the date of the hearing. However, there is no evidence to support the board's finding that the increased symptoms were permanent.

2. A disability based only on increased symptoms is a compensable injury within the meaning of the Workers' Disability Compensation Act. A closed award of benefits is proper only when the claimant's symptoms, and not the underlying condition, have been aggravated by the claimant's employment. McDonald was properly awarded benefits through the date of the administrative hearing. The benefits should continue until the defendant shows that the increased symptoms have abated or are no longer work related.

3. The board did not err in finding McDonald's refusal to perform favored work to be reasonable on the bases of his testimony that he was unable to tolerate the walking involved

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 293, 294.

See the Index to Annotations under Workers' Compensation.

in the favored work and medical testimony that McDonald would suffer increased symptoms in his knee when performing work requiring the use of his legs.

Affirmed in part and modified.

1. WORKERS' COMPENSATION — EVIDENCE — DISABILITY — CLAIMANT'S TESTIMONY.

A finding of disability for purposes of workers' compensation may be based solely on the claimant's testimony.

2. WORKERS' COMPENSATION — COMPENSABLE INJURIES — INCREASED SYMPTOMS OF UNDERLYING CONDITION.

A disability based only on increased symptoms of a preexisting condition is a compensable injury within the meaning of the Workers' Disability Compensation Act; a closed award of benefits is proper only when the claimant's symptoms, and not the underlying condition, have been aggravated by the claimant's employment; benefits awarded for a disability based only on increased symptoms of a preexisting condition may continue until it is shown that the increased symptoms have abated or are no longer work related (MCL 418.401; MSA 17.237[401]).

*Dunnings & Frawley, P.C.* (by *John J. Frawley*), for the plaintiff.

*McGinty, Brown, Jakubiak, Frankland, Hitch & Henderson, P.C.* (by *Tery McKenney Person* and *Mark W. Jakubiak*), for the defendant.

Before: GILLIS, P.J., and MICHAEL J. KELLY and NEFF, JJ.

MICHAEL J. KELLY, J. Defendant appeals by leave granted an order of the Workers' Compensation Appeal Board granting plaintiff an open award of benefits.

Plaintiff commenced working for defendant in March 1979. In October of that year he began driving trucks for defendant. In connection with his position, plaintiff was required to get in and out of large trucks several times a day as well as to load and unload the trucks. On March 21, 1983, plaintiff slipped on an icy step as he alighted from

his tractor. As a result, he twisted his left knee. After the incident, plaintiff experienced locking of the knee and soreness. He did not return to work as a truck driver, but instead entered defendant's rehabilitation program and was given a position making rack labels. However, because of continued stiffness and soreness in his left knee, plaintiff left that position after a few weeks.

Plaintiff filed a petition on July 15, 1983, seeking disability benefits. Plaintiff claimed disability in the nature of constant bleeding and swelling in his left knee. On February 16, 1984, plaintiff filed an amended petition, claiming as an additional disability the total and permanent industrial loss of both legs.

Plaintiff testified before a hearing referee on September 20, 1984, that his left knee locked on occasion following the March 1983 incident and that he continued to experience soreness and stiffness in the knee as of the date of that hearing. At that hearing, plaintiff also admitted being a hemophiliac. He testified that he experienced stiffness and swelling in his joints due to bleeding many times in his life, before and after the March 21, 1983, incident.

Dr. Arthur Manoli, an orthopedic surgeon, testified that he first examined plaintiff on May 20, 1981. At that time, Dr. Manoli diagnosed plaintiff's knees as being arthritic due to hemophilia. Dr. Manoli explained that hemophiliacs often suffer an early onset of arthritis and that the knee is the most commonly affected joint. He characterized plaintiff's hemophiliac arthritis as a degenerative condition. Dr. Manoli examined plaintiff again on June 15, 1983, but found no evidence of bleeding in plaintiff's left knee. Dr. Manoli testified that it usually took months for blood to be absorbed after bleeding. In Dr. Manoli's opinion, plaintiff's work

incident in March 1983 did not worsen or aggravate plaintiff's underlying condition, but, rather, caused a temporary increase in the symptoms associated with his condition. Two additional orthopedic experts examined plaintiff and testified that his work and the March 1983 incident did not affect the progression of his arthritis and only temporarily increased the symptoms associated with the disease. A fourth orthopedic expert testified that on March 22, 1983, he reviewed x-rays of plaintiff's left knee and did not find plaintiff's arthritic condition to have been affected by the incident which occurred the previous day.

The hearing referee believed plaintiff and found that plaintiff had established partial disability. He was awarded benefits from March 22, 1983, to September 20, 1984, inclusive, and thereafter until further order of the bureau. The hearing referee, however, did not find plaintiff totally and permanently disabled within the meaning of the workers' compensation act. The decision was reviewed by the appeal board.

The WCAB found the evidence insufficient to establish that plaintiff's ongoing arthritic condition was worsened by his work or the March 1983 incident, but nonetheless affirmed the order of benefits on the ground that plaintiff experienced "an increase in symptoms following the March 21, 1983, slip at work." The board found that "the March 21, 1983, incident resulted in an increase in plaintiff's symptomology [sic] that prevented him from performing the truck driving duties that he had been doing when injured." The WCAB relied on plaintiff's testimony that the "exacerbation of his symptoms" had not abated and on the medical testimony suggesting that restrictions inconsistent with truck driving be placed on plaintiff. The board then concluded that a permanent increase

in symptoms entitled plaintiff to benefits for the duration of the disability caused by the increased symptoms. The board also addressed the issue of favored work and found that plaintiff's refusal to participate in defendant's rehabilitation program was reasonable. Defendant appeals, claiming that the WCAB erred by awarding continuing benefits despite finding insufficient evidence that plaintiff's underlying condition had worsened and by finding that plaintiff's refusal to perform favored work was reasonable.

In the absence of fraud, findings of fact by the WCAB are conclusive and can be set aside only if unsupported by the record evidence. The WCAB's decision may be reversed, however, if the board operated within the wrong legal framework or if its decision is based on erroneous legal reasoning. *Flint v General Motors Corp,* 184 Mich App 340, 343; 457 NW2d 157 (1990).

In the present case, the WCAB did not find that plaintiff aggravated a preexisting condition, but, instead, found that his injury had permanently exacerbated his symptoms. Simply put, the board found that the arthritic pain plaintiff experienced in his left knee permanently increased following the March 21, 1983, incident. Defendant argues that the record evidence does not establish that plaintiff's employment caused the symptoms to worsen.

Although we find no factual support for the WCAB's finding of a permanent increase in symptoms, we do find evidence to support the board's determination that plaintiff's increased symptoms were work related and had not abated by the September 20, 1984, hearing date. Medical experts testified that plaintiff's employment and the March 1983 slip could have caused a temporary increase in plaintiff's symptoms. Plaintiff testified

that he experienced increased symptoms following the incident and that they continued up to the date of the hearing. A finding of disability may be based solely on the claimant's testimony. *Sanford v Ryerson & Haynes, Inc,* 396 Mich 630, 635; 242 NW2d 393 (1976). There is record evidence to support the board's finding that plaintiff's employment and the March 1983 slip caused plaintiff's symptoms to worsen and that plaintiff continued to experience increased symptoms on September 20, 1984. However, there is no evidence in the record to support the board's finding that the increased symptoms were permanent. Accordingly, that particular finding is set aside.

The next issue confronting us is whether the wcab properly found a disability within the meaning of MCL 418.401; MSA 17.237(401), based solely on the finding of increased symptoms. In *Carter v General Motors Corp,* 361 Mich 577; 106 NW2d 105 (1960), the Supreme Court found that the plaintiff suffered a compensable injury where his work aggravated the symptoms of his preexisting schizophrenic condition to the point where the plaintiff was unable to continue his employment. The plaintiff's underlying psychological condition was not found to have changed as a result of his employment, but the symptoms of the illness worsened to the point where the plaintiff was unable to continue that employment. See also *Johnson v DePree Co,* 134 Mich App 709, 718-719; 352 NW2d 303 (1984). We therefore hold that a disability based only on increased symptoms is a compensable injury within the meaning of the act. Furthermore, we note that a closed award of benefits is proper only when the plaintiff's symptoms, and not the underlying condition, have been aggravated by the claimant's employment. See *Thomas v Chrysler Corp,* 164 Mich App 549, 555; 418 NW2d 96

(1987); *Durham v Chrysler Corp,* 128 Mich App 102, 110; 339 NW2d 705 (1983). Here, plaintiff's increased symptoms had not abated by the date of the administrative hearing. Benefits through that date, September 20, 1984, were therefore properly awarded. Defendant may, however, at any time petition the bureau to discontinue compensation. Upon such a petition, defendant must show that the increased symptoms have abated or are no longer work related.

Defendant's second claim on appeal is that the board erred in finding that plaintiff's refusal to perform favored work was reasonable. Plaintiff testified that he was unable to tolerate the walking involved in the favored work. There was also medical testimony that plaintiff would suffer increased symptoms in his left knee when performing work requiring the use of his legs. The WCAB did not err in finding plaintiff's refusal to be reasonable.

Affirmed in part and modified.