SIDERS v GILCO, INC

Docket No. 125519. Submitted December 11, 1990, at Detroit. Decided June 4, 1991, at 9:15 A.M. Leave to appeal sought.

James L. Siders was awarded closed benefits by the Workers' Compensation Appeal Board from October 24, 1979, until October 17, 1980, after undergoing surgery to correct severe, congenital scoliosis and alleviate its symptomatic pain aggravated by employment. The board also awarded Siders open benefits following an automobile accident in January 1981 that did not engender any pathological changes with respect to the scoliosis but caused a recurrence of symptomatic pain. Gilco, Inc., his employer, and Maryland Casualty Insurance Company, its insurer, appealed by leave granted.

The Court of Appeals *held*:

1. There was sufficient evidence to support the appeal board's closed award of benefits. A closed award is not only permitted, but is the only type available where, as in this case, an employee's symptoms, rather than an underlying condition, are aggravated by employment. Because all parties agree that the benefits for the closed period were incorrectly calculated at $171 a week and should have been $156 a week, the award is to be reduced to the lesser amount on remand.

2. The appeal board's open award of benefits following the January 1981 accident was improper. In making this award, the board relied on case law setting forth the principle that an independent, intervening event following a work-related injury alone does not justify the denial, suspension, or reduction of workers' compensation benefits for the work-related injury where the independent, intervening event was not caused by negligence of the claimant. However, the principle does not apply in this case because Siders' work-related disability ended on October 17, 1980, the closing date of the closed award, well before his automobile accident in January 1981.

Affirmed in part, reversed in part, and remanded.

REFERENCES

Am Jur 2d, Workmen's Compensation § 333.

See the Index to Annotations under Workers' Compensation.

1. WORKERS' COMPENSATION — CLOSED AWARD OF BENEFITS.

   A workers' compensation claimant is entitled only to a closed award of benefits where it is only the claimant's symptoms, not an underlying condition, that have been aggravated by the claimant's employment.

2. WORKERS' COMPENSATION — SUBSEQUENT INJURIES.

   An independent, intervening event leading to an injury after a prior work-related injury alone does not justify a denial, suspension, or reduction of workers' compensation benefits for the work-related injury where the independent, intervening event was not caused by negligence of the claimant; this rule does not apply in a case where the subsequent injury occurs after the termination of a closed award of benefits for the prior work-related injury.

*Crawforth, McManus, Tenbrunsel & Ulrich, P.C.* (by *John M. H. Ulrich, IV*), for James L. Siders.

*Plunkett & Cooney, P.C.* (by *Paul F. Paternoster*), for Gilco, Inc., and Maryland Casualty Insurance Company.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for Pinkerton's Security and Crawford & Company.

Before: McDONALD, P.J., and MICHAEL J. KELLY and GRIFFIN, JJ.

PER CURIAM. Defendants appeal by leave granted from a December 29, 1989, opinion and order of the Workers' Compensation Appeal Board reversing the decision of a referee that denied plaintiff a closed benefit award and granting plaintiff an open benefit award. We affirm in part and reverse in part.

Plaintiff suffered from severe, congenital scoliosis. In late 1979, plaintiff's treating orthopedic surgeon inserted a seventeen-inch rod to

straighten plaintiff's spine, and placed him in a back cast which he wore for almost a year.

Before his surgery, plaintiff experienced significant pain, which he attributed to his employment. Plaintiff's pain would intensify when he worked, and subside when he rested. The appeal board found plaintiff's employment increased the symptoms resulting from his nonwork-related congenital condition, and thus found him entitled to a closed award of benefits for the period during which his symptoms increased. Plaintiff was awarded a closed benefit award from October 24, 1979, until October 17, 1980, at which time he was released to return to restricted work.

However, the appeal board's opinion indicates the work restrictions were attributable to the surgery and underlying congenital condition and not to any work-related symptoms that had increased plaintiff's pain before the surgery.

In January 1981, plaintiff was involved in an automobile accident which did not engender any pathological changes with respect to the scoliosis but did cause a recurrence of his symptoms of pain. Relying on *Powell v Casco Nelmor Corp,* 406 Mich 332; 279 NW2d 769 (1979), and *Schaefer v Williamston Community Schools,* 117 Mich App 26; 323 NW2d 577 (1982), the appeal board found plaintiff entitled to an open award from the date of his accident, because he was not negligent in causing the accident and because such independent, intervening events which follow a personal injury arising out of and in the course of employment do not justify denial, suspension, or reduction of benefits.

The board awarded plaintiff benefits for the closed period at the rate of $171 a week, and for the open portion of the award at the rate of $183.36 a week.

On appeal, the parties agree plaintiff's benefits for the closed period were incorrectly calculated at $171 a week and should have been $156 a week. This agreement should be given effect on remand.

Our review reveals sufficient evidence on the record to support the WCAB's closed benefit award to plaintiff. *Flint v General Motors,* 184 Mich App 340; 457 NW2d 157 (1990). A closed benefit award is not only permitted, but is the only type available where an employee's symptoms, rather than the underlying condition, are aggravated by his employment. *Thomas v Chrysler Corp,* 164 Mich App 549; 418 NW2d 96 (1987); *Carter v General Motors Corp,* 361 Mich 577; 106 NW2d 105 (1960). However, we do find improper the WCAB's later open benefit award to plaintiff. Having concluded that plaintiff was entitled to a closed award during the period of exacerbation of his symptoms commencing October 24, 1979, and ending October 17, 1980, the board in effect had to find that plaintiff's disability, the exacerbation of the symptoms, ended on the last date of the closed award. Plaintiff's disability status having ended on October 17, 1980, remained unchanged prior to plaintiff's January 1981 unrelated automobile accident. Plaintiff's surgery was completed and he had not returned to work. The WCAB in awarding plaintiff open benefits inappropriately relied on case law setting forth the principle that an independent, intervening event following a personal injury arising out of and in the course of employment alone does not justify the denial, suspension, or reduction, of disability benefits for a continuing work-related injury. See *Powell* and *Schaefer, supra.* Here plaintiff did not suffer from a "continuing work-related injury." Plaintiff's compensable disability ended on the date his closed award ended. We find no legal support for the WCAB's proposi-

tion that "therefore plaintiff is entitled to benefits on account of the intervening injury." Although case law illustrates an intervening event cannot alone justify the discontinuation or reduction of current benefits, it does not support a finding that an unrelated intervening event itself can *create* a compensable disability.

Affirmed in part, reversed in part, and remanded.