PIERCE v NATIONAL BANK OF DETROIT

Docket No. 157656. Submitted January 18, 1994, at Detroit. Decided April 19, 1994, at 9:20 A.M.

Cynthia A. Pierce sought workers' compensation benefits from National Bank of Detroit (NBD) and First of America (FOA). While working for NBD in 1981, she began experiencing pain in her hand. She was discharged on March 1, 1983, for excessive absenteeism. She testified that she would still be working for NBD if she had not been fired. In March 1984, she was hired by FOA to perform essentially the same job duties that she had performed at NBD. The symptoms in her hand did not disappear after leaving NBD, and became worse while working for FOA. She stopped working for FOA at the end of June 1984 because her hand hurt too much to work, but two weeks later, on July 15, 1984, her hand had returned to the condition it had been in before her employment with FOA. A hearing referee found NBD liable for the plaintiff's medical expenses for a closed period from 1981 through May 1984, finding an October 1981 work-related wrist injury. The referee also found that her employment with FOA had aggravated the condition to the point of disability, but only for the two-week period from July 1 through July 14, 1984. The referee ordered FOA to pay wage-loss benefits for this closed period and to pay all reasonable and necessary medical expenses from June 1984 until further order. The Workers' Compensation Appeal Board reversed that part of the referee's decision finding NBD liable for the payment of medical benefits. FOA appealed, alleging that the WCAB erred in granting the plaintiff an open award of medical benefits while granting only a closed award of wage-loss benefits, noting the WCAB's findings that the plaintiff suffered no more than a temporary symptomatic aggravation of a preexisting condition while working for FOA and that the symptoms abated two weeks after she left FOA.

The Court of Appeals *held:*

1. The WCAB erred in granting an open award of medical

REFERENCES
Am Jur 2d, Workers' Compensation §§ 368, 651.
See ALR Index under Workers' Compensation.

benefits while granting only a closed award of wage-loss benefits.

2. The plaintiff is entitled to no more than a closed award of wage-loss benefits for the period when her symptoms, but not her underlying condition, were aggravated to the point of disability.

3. When an employee receives a work-related personal injury consisting of nothing more than a flare-up of symptoms of a preexisting condition, with no aggravation of the underlying condition, the employer is not liable for medical care benefits beyond the period of the closed award.

4. The order granting an open award of medical benefits must be reversed and the case remanded for entry of an order limiting FOA's liability for medical benefits to a closed period.

Reversed and remanded.

MARILYN KELLY, J., concurring, declined to adopt the majority's broad holding that would always limit the award of medical benefits to the length of the disability award in cases that involve a · preexisting or chronic condition. The decision to award an open or closed award of medical benefits should depend on the facts of each case.

WORKERS' COMPENSATION — PREEXISTING CONDITIONS — CLOSED
AWARDS — WAGE-LOSS BENEFITS — MEDICAL CARE BENEFITS.

Where an employee receives a work-related personal injury consisting of nothing more than a flare-up of symptoms of a preexisting condition, with no aggravation of the underlying condition, and is granted a closed award of wage-loss benefits, the employer is not liable for medical care benefits beyond the period of the closed award of wage-loss benefits (MCL 418.315[1]; MSA 17.237[315][1]).

*Conway & Mossner, P.C.* (by *Earl A. Mossner*), for Cynthia A. Pierce.

*John P. Baril,* for National Bank of Detroit.

*Charfoos, Reiter, Peterson & Holmquist, P.C.* (by *James A. Reiter*), for First of America.

Before:· CAVANAGH, P.J., and MARILYN KELLY and J. R. ERNST,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant First of America (FOA) seeks reversal of a June 27, 1991, order of the Workers' Compensation Appeal Board, which affirmed a hearing referee's decision granting plaintiff a closed award of benefits only, but ordered FOA to pay for her reasonable medical expenses until further order.

Plaintiff began working for defendant National Bank of Detroit (NBD) in November 1975 as a cash and service teller. She testified that she began experiencing pain in her right hand some time in 1981. After consulting with her family physician, plaintiff was referred to an orthopedic surgeon. The surgeon placed plaintiff's hand in a splint for a two-week period, after which she wore the splint only at night.

After working 6½ years as a teller, plaintiff requested and received a job change. She became a safety deposit clerk and held that position for a little over one year, until she was discharged on March 1, 1983, for excessive absenteeism. She testified that she would still be working for NBD if she had not been fired.

In March 1984, plaintiff was hired by FOA as a teller, performing essentially the same job duties she had performed at NBD. Plaintiff testified that the symptoms in her right hand did not disappear after leaving NBD, and that they became worse while working for FOA. She stopped working for FOA at the end of June 1984, claiming that her right hand hurt so much that she could no longer work. However, she testified that two weeks after leaving work her hand condition had returned to what it had been before employment with FOA.

Plaintiff filed a petition for hearing, alleging disability due to injuries received while working for NBD and FOA. In a decision mailed on August 20, 1987, the referee found that plaintiff failed to

prove that she suffered a disabling last-day-of-work personal injury while working for NBD because she was discharged for cause and testified that she would have continued working for NBD had she not been discharged. However, the referee found NBD liable for medical expenses for the closed period 1981 through May 1984, apparently on the basis of plaintiff's claim that she injured her wrist at work in October 1981. In addition, the referee found plaintiff's employment with FOA had aggravated her wrist condition to the point of disability, but only for the two-week period from July 1 through July 14, 1984. The referee ordered FOA to pay plaintiff wage-loss benefits for this closed period, and also ordered FOA to pay all reasonable and necessary medical expenses from June 1984 until further order.

All parties appealed, and in a decision and order dated June 27, 1991, the WCAB reversed in part and affirmed in part. The WCAB found that plaintiff's counsel had withdrawn the claim regarding the 1981 injury date at the hearing, leaving only a last-day-of-work injury claim. Because the WCAB agreed with the referee that plaintiff had failed to demonstrate a last-day-of-work injury, the WCAB held that NBD was not liable for payment of any medical benefits. In all other respects, the WCAB affirmed.

On appeal FOA argues that it was improper for the WCAB to grant plaintiff an open award of medical benefits while granting only a closed award of wage-loss benefits, based on the WCAB's finding that plaintiff suffered no more than a temporary symptomatic aggravation of a preexisting condition while working for FOA from March to the end of June 1984. Because the WCAB found that plaintiff's symptoms abated on July 15, 1984,

FOA argues that it was error to enter an open-ended award of medical benefits.

Plaintiff responds by noting that the Workers' Disability Compensation Act clearly distinguishes between personal injuries and disabilities. An employee who receives a work-related personal injury may or may not be disabled, i.e., may or may not have suffered a loss of wage-earning capacity as a result of the personal injury. MCL 418.301(1) and (4); MSA 17.237(301)(1) and (4). However, whenever an employee receives a personal injury arising out of and in the course of employment, the employer is required to furnish or cause to be furnished reasonable medical, surgical, and hospital services, and medicines, as needed. MCL 418.315(1); MSA 17.237(315)(1). Plaintiff argues that even when a disability exists for a closed period, an open award of medical benefits is appropriate.

Surprisingly, this appears to be a question of first impression in Michigan. We agree with FOA and accordingly reverse the decision of the WCAB for the following reasons.

The WCAB found that plaintiff suffered a temporary symptomatic exacerbation of her wrist condition while working for FOA, and that the flare-up in her symptoms abated after July 14, 1984. Therefore, plaintiff is entitled to no more than a closed award of wage-loss benefits during the period when her symptoms, but not her underlying condition, were aggravated to the point of disability. *McDonald v Meijer, Inc,* 188 Mich App 210, 215-216; 469 NW2d 27 (1991). When an employee receives a work-related personal injury consisting of nothing more than a flare-up of symptoms of a preexisting condition, with no aggravation of the underlying condition, we hold that the employer is not liable for medical care benefits beyond the period of the closed award. Any other result would

make such an employer the insurer of the employee's condition, even though the condition returned to its preemployment state at the end of the closed period. Workers' compensation is not intended to function as sickness or health insurance. *Wiltse v Borden's Farm Products Co,* 328 Mich 257, 265; 43 NW2d 842 (1950). Our decision is in accord with those of sister states limiting an employer's obligation for medical expense benefits to the point at which the employee returns to a condition no worse than her condition before the work-related injury. 2 Larson, Workmen's Compensation Law, § 61.13(e), p 10-971.

Accordingly, we reverse the open award of medical benefits and remand for entry of an order limiting FOA's liability for medical benefits to the closed period.

MARILYN KELLY, J. *(concurring).* I concur with the majority's conclusion that plaintiff was not entitled to medical benefits beyond July 15, 1984. The WCAB found that on that date her symptomatology had abated.

I reach this result by applying the Mississippi test, cited with approval in the majority opinion and set forth in 2 Larson, Workmen's Compensation Law, § 61.13(e), p 10-971:

> Mississippi has held that the employer's duty stops when the employee has been returned to a point where he is no worse off than he was before the injury. [2 Larson, Workmen's Compensation Law, § 61.13(e), p 10-971, citing *Lloyd Ford Co v Price,* 240 Miss 250; 126 So 2d 529 (1961).]

This test recognizes the possibility that a party with a preexisting condition may subsequently be reinjured on a job. With the injury, the employer's obligation to provide reasonable medical care

arises pursuant to MCL 418.315(1); MSA 17.237(315)(1). Yet, it also recognizes that Worker's Compensation is not intended to function as general sickness and health insurance. *Wiltse v Borden's Farm Products Co,* 328 Mich 257, 265; 43 NW2d 842 (1950).

My difference with the majority is this: I believe that the test, if properly defined, should not always result in limiting the period of medical benefits to the period of a closed award of disability. Rather, the decision to award an open or closed award of medical benefits should depend on the particular facts of each case. Such a test permits the magistrate to consider both the disability and the nature and extent of the injury as separate entities. It allows the magistrate to provide for the ongoing medical care necessary to adequately treat the injury until the party is returned to his or her preinjury condition.

In some cases, as here, both awards should be closed simultaneously. Plaintiff's symptoms had abated and she indicated that her hand had returned to its previous condition. However, where a person is no longer disabled but has not yet recovered to the point of being no worse off than before the injury, a different result is appropriate. I decline to adopt the majority's broad holding which would always limit the award of medical benefits to the length of the disability award in cases which involve a preexisting or chronic condition.