LAURY v GENERAL MOTORS CORPORATION (ON REMAND, ON
REHEARING)

Docket No. 157662. Submitted February 17, 1994, at Lansing. Decided
    May 5, 1994; approved for publication October 11, 1994, at 9:15
    A.M.

    Leon Laury injured his knee and ankle in an automobile accident
    that was not related to his work at General Motors Corpora-
    tion. He returned to work, but left his job in July 1981 when he
    could no longer perform the job because of the pain it caused in
    his legs and back. He received a return-to-work notice dated
    December 22, 1981, and subsequently filed a petition for work-
    er's compensation benefits. A magistrate denied the request,
    but the Worker's Compensation Appeal Board reversed, grant-
    ing him a closed award of benefits from July 15, 1981, through
    December 22, 1981. The appeal board found that there was no
    pathological aggravation of the plaintiff's knee and ankle condi-
    tion, but ruled that the plaintiff was entitled to the benefits for
    the aggravation of symptoms to his preexisting orthopedic
    disabilities. The Court of Appeals, MURPHY, P.J., and SAWYER
    and McDONALD, JJ., denied the defendant's application for
    leave to appeal in an order dated March 3, 1992 (Docket No.
    142167). The Supreme Court, in lieu of granting leave to
    appeal, remanded the case to the Court of Appeals for consider-
    ation as on leave granted. 441 Mich 860 (1992). On remand, the
    Court of Appeals affirmed the appeal board's decision in an
    unpublished opinion per curiam. The Court of Appeals then
    granted the defendant's motion for rehearing and amended the
    majority opinion with regard to an administrative order cited
    therein. The Court also ordered the amended opinion to be
    published.

    On remand and on rehearing, the Court of Appeals *held:*

    A disability based only upon increased symptoms, not an
    aggravation of the underlying condition, is compensable under
    the Worker's Disability Compensation Act.

    Affirmed.

REFERENCES

Am Jur 2d, Workers' Compensation § 317.

See ALR Index under Workers' Compensation.

JANSEN, J., concurred in the result, but wrote separately to
state that, contrary to statements in the majority opinion, the
case precedent cited by the majority in support of its affirmance
correctly states the law.

WORKER'S COMPENSATION — INCREASED SYMPTOMS.
   A disability based only upon increased symptoms, not an aggrava-
   tion of the underlying condition, is compensable under the
   Worker's Disability Compensation Act; a plaintiff is entitled to
   worker's compensation benefits when the plaintiff's disability is
   a result of symptoms that occur at work but the underlying
   pathological condition relating to the symptoms is due solely to
   a nonwork-related accident (MCL 418.101 *et seq.*; MSA
   17.237[101] *et seq.*).

*Braun Kendrick Finkbeiner* (by *Bruce L. Dal-
rymple* and *Scott C. Strattard*), for the defendant.

ON REMAND, ON REHEARING

Before: WEAVER, P.J., and JANSEN and E. SOS-
NICK,* JJ.

PER CURIAM. In August 1979, plaintiff broke his
right knee and left ankle in an automobile acci-
dent not related to his work. Plaintiff returned to
work as a laborer in February 1980. He left his job
in July 1981 when he could no longer perform his
job as a hoist operator because of the pain it
caused in his legs and back. Plaintiff received a
return-to-work notice dated December 22, 1981.

Subsequently, plaintiff filed a petition for work-
er's compensation benefits. A magistrate denied
plaintiff benefits, but the Worker's Compensation
Appeal Board granted him a closed award of bene-
fits from July 15, 1981, through December 22,
1981. The appeal board found there was no patho-
logical aggravation of the plaintiff's knee and an-
kle condition, but ruled he was entitled to these

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

benefits for the aggravation of symptoms to his preexisting orthopedic disabilities.

This Court denied defendant's application for leave to appeal in an order dated March 3, 1992 (Docket No. 142167). Defendant subsequently applied for leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, issued an order remanding this case to the Court of Appeals for consideration as on leave granted. 441 Mich 860 (1992). We affirm.

The sole issue before us is whether plaintiff is entitled to worker's compensation benefits when plaintiff's disability is a result of symptoms that occur at work but the underlying pathological condition relating to the symptoms is due solely to a nonwork-related automobile accident.

This Court has held that a disability based only upon increased symptoms, not an aggravation of the underlying condition, is compensable under the act. *McDonald v Meijer, Inc,* 188 Mich App 210; 469 NW2d 27 (1991), and *Siders v Gilco, Inc,* 189 Mich App 670; 473 NW2d 802 (1991). Under Administrative Order No. 1994-4 and Administrative Order No. 1992-8, we are constrained to follow this precedent and affirm the case before us.

If we were not so constrained, we would reverse on the ground that the worker's compensation law does not provide compensation where there is no aggravation of the underlying pathological condition. See *Castillo v General Motors Corp,* 105 Mich App 776; 307 NW2d 417 (1981), *Weinmann v General Motors Corp,* 152 Mich App 690; 394 NW2d 73 (1986), and *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979).

Affirmed.

JANSEN, J. *(concurring).* I agree with the majority opinion insofar as it affirms the Worker's Com-

pensation Appeal Board's order granting plaintiff an award of worker's compensation disability benefits based on the aggravation of symptoms related to plaintiff's preexisting orthopedic disabilities. However, unlike the majority, I believe that *McDonald v Meijer, Inc,* 188 Mich App 210; 469 NW2d 27 (1991), and *Siders v Gilco, Inc,* 189 Mich App 670; 473 NW2d 802 (1991), were correctly decided. Accordingly, I would follow those cases, not because I am bound by Administrative Order No. 1994-4, but because I believe those cases correctly resolve the issue at hand.